**E. F. HUTTON & CO., Inc.**

v.

**William O. COOK.**

**Civ. A. No. 68-H-358.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 16, 1968.

Joe Jaworski, of Bracewell & Patterson, Houston, Tex., for plaintiff.

Bryan J. McGinnis, of Bell, McGinnis & Bell, Beaumont, Tex., for defendant.

MEMORANDUM AND ORDER

SINGLETON, District Judge.

This is a suit whereby plaintiff, E. F. Hutton & Company, seeks a declaration of non-liability to defendant, William O. Cook, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 (1964). Jurisdiction is invoked on the basis of diversity of citizenship. The case is now before the Court on defendant's motion to dismiss.

The controversy between the parties arose out of the alleged activity of one Jerry Stedman, an account executive, formerly employed by Hutton at its Beaumont, Texas office, in managing an account maintained by Cook with Stedman at the Beaumont office. Prior to the filing of the instant action, Cook had apprised Hutton that he thought he was entitled to repayment because of the wrongful activities of Stedman in maintaining his account. From September, 1967 into April, 1968, discussions between counsel for both parties were conducted, and the filing of this suit by Hutton followed.

Defendant's motion to dismiss is two pronged. First, Cook contends that, since Hutton had admitted liability to Cook, there was no actual controversy between the parties which threatened any legal right of petitioner subject to being protected under the Declaratory Judgment Act. Secondly, Cook contends that this Court, in its discretion, should refuse to hear this suit for the following reasons: (1) That to do otherwise would permit Hutton to use the declaratory judgment remedy as a device to set venue and (2) that a subsequent suit has been filed in the Eastern District of Texas, which is the more appropriate forum since this is where the great majority of the records, witnesses, etc. are located.

Hutton denies that it admitted liability to Cook, and asserts that it owes nothing to Cook for its employee's (Stedman's) actions. Hutton argues that a declaratory judgment action is to be accorded equal dignity with a direct

action, and the fact that a subsequent direct action involving the identical parties has been filed has no effect on the declaratory action pending here. It then denies that it would be more convenient to try the dispute in the Eastern District rather than here, and in addition, asks for an injunction to restrain Cook from proceeding with the Beaumont action.

■ The granting of a declaratory judgment is dependent upon the exercise of a sound, judicial discretion by the Court, and is not an absolute right conferred upon the litigant. Public Service Commission of Utah v. Wycoff Co., Inc., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952). As to what constitutes sound judicial discretion is clearly related in the case of Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 at page 324 (4th Cir. 1937):

"The discretion to grant or refuse the declaratory relief 'is a judicial discretion, and must find its basis in good reason,' and is subject to appellate review in proper cases. We think that this discretion should be liberally exercised to effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations (see Borchard, Declaratory Judgments, 101); but it should not be exercised for the purpose of trying issues involved in cases already pending, especially where they can be tried with equal facility in such cases, or for the purpose of anticipating the trial of an issue in a court of co-ordinate jurisdiction. The object of the statute is to afford a new form of relief where needed, not to furnish a new choice of tribunals * * *."

■ Initially, it would seem that the issue to be resolved here is one of proper venue. The parties and issues before both courts with one exception are identical, the exception being that Cook has joined the broker Stedman as a party defendant in the Beaumont suit. Cook asserts that Hutton's records and most of the witnesses that will be called are in the Beaumont area. Hutton, on the other hand, claims that because Houston is the regional office of E. F. Hutton & Company, the records are present here. Also, they say that most of the witnesses reside here, including the defendant Cook, which makes Houston the most convenient forum. In addition, the fact that the present case was filed a short period of time before the action filed in Beaumont is not decisive on the issue of proper forum. See Employers' Liability Assurance Corp. v. Mitchell, 211 F.2d 441 (5th Cir. 1954); Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 189 F.2d 31 (3rd Cir. 1951) affirmed, 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200 (1952).

Since Houston and Beaumont are only 90 miles apart the above arguments seem somewhat insignificant, which brings us to what this Court feels is the controlling factor to be determined by Cook's motion. Was this suit filed for the purpose of anticipating a trial of these issues in a court of coordinate jurisdiction? If so, I feel this action should be dismissed. See Amerada Petroleum Corp. v. Marshall, 381 F.2d 661 (5th Cir. 1967).

From copies of correspondence between the parties that are present in the file, it would appear that discussion concerning the shortage was begun in September of 1967 and continued into April of 1968. In March, a letter from Cook to counsel for Hutton stated a settlement figure, and in reply Hutton's counsel informed Cook's counsel that this figure was being submitted to the surety. The next thing that occurred was Hutton's filing of this suit on April 22, 1968.

Under the above circumstances, Hutton should not be permitted to pursue the declaratory relief it seeks here. To do otherwise would permit a usage of the Declaratory Judgment Act that was not intended. See Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321 (4th Cir. 1937). Moreover, Cook is the real plaintiff and his choice of forums is not to be lightly set aside. Gulf Oil Corp. v.

Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1946). Therefore, in accordance herewith, defendant Cook's motion to dismiss is hereby granted.

Counsel for defendant will submit an appropriate order to this Court for entry in accordance with this Memorandum and Order, after first obtaining approval of same by counsel for plaintiff.

The Clerk will send copies of this Memorandum and Order to counsel of record.