**909 CORPORATION, f/k/a Underwood, Neuhaus and Company, Inc., Plaintiff,**

v.

**VILLAGE OF BOLINGBROOK POLICE PENSION FUND and Robert Kolodziej, Defendants.**

Civ. A. No. H–89–2510.

United States District Court, S.D. Texas, Houston Division.

Aug. 15, 1990.

Frank G. Jones, Fulbright & Jaworski, Houston, Tex., for plaintiff.

Steven Mark Zager, Houston, Tex., for Bolingbrook Police Pension Fund.

Kenneth T. Kubiesa, Westmont, Ill., for Robert Kolodziej.

## ORDER

HITTNER, District Judge.

Pending before this Court are a motion to dismiss or in the alternative to stay the action (Document # 3) filed by defendant Village of Bolingbrook Police Pension Fund (the "Fund") and Plaintiff's motion to enjoin prosecution of subsequently filed litigation (Document # 6).

## FACTS

The Fund, through its treasurer, defendant Robert Kolodziej ("Kolodziej"), placed orders for securities with Plaintiff 909 Corporation, f/k/a Underwood, Neuhaus and Company, Inc. ("Underwood"). The Fund asserts that the transactions that occurred between October 1987 through January 1989 were not authorized by its board of directors.

By letter dated May 9, 1989, the Fund demanded that Underwood refund $2.5 million representing an alleged unauthorized investment made by Kolodziej. In this correspondence, Underwood was advised of the Fund's intent to pursue available remedies.

On July 27, 1989, Underwood filed the instant lawsuit. Underwood seeks a judgment, pursuant to the Declaratory Judgment Act, declaring that Underwood did not violate section 10(b) and rule 10b–5 of the Securities and Exchange Act of 1934 ("the Act") and that Underwood is not liable to the Fund for any alleged unauthorized trade. Presently, there is also a suit involving the same parties pending in the Northern District of Illinois, Eastern Division (No. 89C6468). The Fund filed the Illinois suit on August 25, 1989, seeking a $2.5 million refund of an alleged unauthorized investment by Underwood.

The Fund moves for dismissal on two grounds: (1) this Court does not hold personal jurisdiction, and (2) this Court should

abstain from hearing this case in light of the ongoing Illinois proceeding.

## ANALYSIS

The Fund alleges that this Court lacks personal jurisdiction. Generally, a Court must address such a claim by determining whether exercise of jurisdiction comports with the constitutional requirement of due process.[1] *See Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir.1986), *cert. denied*, 481 U.S. 1015, 107 S.Ct. 1892, 95 L.Ed.2d 499 (1987); *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex.1990).

■ However, in a suit seeking declaratory judgment of nonliability under section 10 and rule 10b–5 of the Act the inquiry is somewhat different. Section 27 of the Act provides that process may be served in any district of which the defendant is an inhabitant or wherever the defendant may be found. 15 U.S.C. § 78aa (1988). Therefore, there is nationwide service of process over any defendant having minimum contacts with the United States. *See Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974); *Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667, 679 (N.D.Ga.1983). Once process is validly served, jurisdiction is based upon the contacts between the defendant and the United States because it is the United States, and not the particular state that is exercising jurisdiction. *See Garner v. Enright*, 71 F.R.D. 656 (E.D.N.Y.1976). The theory is best stated as follows:

> The principles of *International Shoe* are grounded upon concepts of territorial limitations on the power of the respective states to subject non-residents to the jurisdiction of their courts. Accordingly, in federal question litigation where Congress has provided for nationwide service of process, there is no due process requirement of "minimal contacts" to justify the exercise of jurisdiction by the federal courts.

2 J. Moore & J. Lucas, *Moore's Federal Practice*, ¶ 4.25[5] (2d ed. 1981). Inasmuch as the Fund resides within the territorial boundaries of the United States and service of process was sufficient, the requirements for personal jurisdiction are satisfied.

■ The Fund also moves for dismissal based on the pendency of the Illinois proceeding. "Courts in the Fifth Circuit generally follow a 'first-filed rule' in deciding which Court should maintain jurisdiction over claims that arise out of the same subject matter but are pressed in different suits." *Igloo Products Corp. v. Mounties, Inc.*, 735 F.Supp. 214, 217 (S.D.Tex.1990) (quoting *West Gulf Maritime Association v. ILA Deep Sea Local 24*, 751 F.2d 721, 730 (5th Cir.1985)). "In the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case." *Igloo Products*, 735 F.Supp. at 217.

The Texas suit was filed before the Illinois action. Therefore, to avoid operation of the first-filed rule, the Fund must show the existence of compelling circumstances for dismissing the Texas suit. *See id.* The Fund has demonstrated such circumstances. A district court is not required to provide declaratory relief; it is a matter within the court's discretion. *See Mission Insurance Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir.1983). Pursuant to this maxim, courts have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. *See Mission Insurance*, 706 F.2d at 602; *Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th Cir.1967), *cert. denied*, 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968); *E.F. Hutton & Co. v. Cook*, 292 F.Supp. 409, 410 (S.D.Tex.1968). The Court cannot allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum. *See, e.g., Hanes Corp. v. Millard*, 531 F.2d 585, 592–93 (D.C.Cir.1976) (anticipation of defenses is ordinarily not a proper use of the declar-

---

**1.** The Texas long arm statute extends to the limits of due process. *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex.1990).

atory judgment act as it "provokes a disorderly race to the courthouse"); *Cunningham Brothers, Inc. v. Bail*, 407 F.2d 1165 (7th Cir.), *cert. denied*, 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969). By letter dated May 9, 1989, the Fund notified Underwood of its intent to pursue available remedies if Underwood failed to refund the alleged unauthorized trade. This letter also apprised Underwood of the Fund's claims arising from the alleged violations of section 10 and rule 10b–5 of the Act. Thus, although it knew of the Fund's potential claim and attempt to seek an out-of-court settlement, Underwood nevertheless filed suit on July 27, 1989. Application of the first-filed rule could penalize the Fund for its attempt to make a good faith effort to settle out of court. " 'Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already-drafted complaint.' " *Merle Norman Cosmetics v. Martin*, 705 F.Supp. 296, 299 (E.D.La.1988) (quoting *Columbia Pictures Indus. v. Schneider*, 435 F.Supp. 742, 747–48 (S.D.N.Y.1977)).

Anticipatory suits deprive a potential plaintiff of his choice of forum. The Court should not allow this type of forum shopping in the form of anticipatory, declaratory judgment suits. "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." *New Orleans Public Serv. Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir.1986) (quoting *H.J. Heinz Co. v. Owens*, 189 F.2d 505, 508 (9th Cir.1951)).

Thus, pursuant to the Fund's second argument for dismissal—the existence of compelling circumstances precluding application of the first-filed rule—the Court in its discretion defers to the action pending in the Northern District of Illinois.

Based on the foregoing, Plaintiff's motion to enjoin prosecution of subsequently filed litigation is DENIED and Defendant Fund's motion to dismiss the complaint is GRANTED. This action is hereby DISMISSED pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.