**FIDELITY BANK, Plaintiff,**

v.

**MORTGAGE FUNDING CORPORATION OF AMERICA, Defendant.**

No. 4:94–CV–234–A.

United States District Court, N.D. Texas, Fort Worth Division.

June 21, 1994.

Joseph Franklin Cleveland, Jr., Fort Worth, TX, for plaintiff.

Terry Steven Boone, George Dennis Sheehan, Haynes & Boone, Fort Worth, TX, Kevin F. Berry, Berry & Martin, Philadelphia, PA, for defendant.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on to be considered in the above-styled and numbered action the motion of defendant, Mortgage Funding Corporation of America, ("MFCA") to stay or in the alternative to dismiss. The court, having considered the motion, the response of plaintiff, Fidelity Bank, ("Fidelity"), the reply of MFCA, the remaining portions of the record, and applicable authorities, has determined that the motion should be denied.

### I.

#### Background

On April 8, 1994, Fidelity instituted the above-styled and numbered action (the "Texas action") by filing a complaint for declaratory judgment seeking a declaration that it properly terminated a loan purchase agreement ("agreement") between it and MFCA. On April 11, 1994, MFCA filed an action against Fidelity in the United States District Court for the Middle District of Florida, Tampa Division, styled "Mortgage Funding Corp. of America, plaintiff, v. Fidelity Bank of Texas, defendant" and bearing Civil Action No. 94–592–CIV–T–21A (the "Florida action"). MFCA has alleged in the Florida action that Fidelity wrongfully terminated the agreement and has brought numerous causes of action stemming from the alleged wrongful termination. A comparison between the complaints filed in the actions reveals that the two actions involve identical parties and the identical subject matter.

### II.

#### The Motion and the Response

MFCA maintains that: On May 6, 1993, Fidelity presented it with a letter setting

forth Fidelity's terms for termination of the agreement, and MFCA accepted such terms because the only option provided by Fidelity was an immediate termination of the agreement, which would have destroyed MFCA's business. The way in which Fidelity terminated the agreement violated the agreement, and it notified Fidelity of its contentions and attempted to resolve the dispute without resorting to litigation. To that end, on April 6, 1994, counsel for MFCA and one of its officers came to Texas to discuss its claims with Fidelity. Counsel for MFCA informed Fidelity that MFCA would institute an action against Fidelity if Fidelity did not make a good faith attempt to expeditiously resolve the dispute. On the morning of April 8, 1994, counsel for MFCA, at the request of Fidelity, faxed a letter to counsel for Fidelity detailing the nature of its claims. Fidelity instituted the Texas action later that same day. On Monday, April 11, 1994, MFCA filed in the Florida action its original complaint and a motion to enjoin Fidelity from prosecuting the Texas action. Fidelity's sole reason for instituting the Texas action was to deprive MFCA of the ability to choose the forum in which to litigate its claims, and this court should stay the Texas action until the motion to enjoin Fidelity filed in the Florida action is determined. Alternatively, the Texas action should be dismissed in favor of the Florida action because Fidelity has won the race to the courthouse by improperly using the Declaratory Judgment Act as a shortcut.

Fidelity contends that: The Texas action should not be stayed and this court, rather than the court in the Florida action, should be the one to determine which action should proceed. The Texas action should be the one to proceed because it was filed first, and the factors relevant to deciding whether to proceed in a declaratory judgment action favor proceeding with the Texas action.

### III.

#### Analysis

■ Where two identical actions are filed in courts of concurrent jurisdiction the court that first acquired jurisdiction should try the lawsuit. *Pacesetter Systems, Inc. v. Medtronic, Inc.,* 678 F.2d 93, 96 (9th Cir.

1982). The first-to-file rule gives the court in which the first action was filed the responsibility to determine which of the two cases should proceed. *Id.* at 96; *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 407 (5th Cir. 1971). Because the complaint for declaratory judgment filed by Fidelity in the Texas action was filed before the Florida action was commenced, this court, rather than the district court in Florida, has the responsibility to determine which case should proceed.

■ Whether the court will entertain a declaratory judgment action is a matter within the court's discretion. *Rowan Companies, Inc. v. Griffin,* 876 F.2d 26, 28 (5th Cir.1989). In exercising such discretion, the court may consider a variety of factors, including (1) a pending state court action in which the matters in controversy may be fully litigated, (2) that the declaratory judgment was filed in anticipation of another suit and is being used for the purpose of forum shopping, (3) the possible inequities in permitting the plaintiff to gain precedence in time or forum, or (4) inconvenience to the parties or witnesses. *Id.* at 29. These four factors are only examples of the of factors a court can consider in determining whether to decide a declaratory judgment action. *Id.* The record reflects that on April 6, 1994, the parties met to discuss settlement, and on April 8, 1994, MFCA faxed a letter to Fidelity that outlined its damages and by which MFCA threatened litigation if a settlement was not reached. Fidelity, apparently having determined that a settlement could not be reached, filed the Texas action later that same day. The only logical conclusion is that Fidelity did so in anticipation of MFCA filing an action elsewhere and for the purpose of securing a more favorable forum. Although such a conclusion could justify a departure from the first to file rule, *see Amerada Petroleum Corp. v. Marshall,* 381 F.2d 661, 663 (5th Cir.1967), *cert. denied,* 389 U.S. 1039, 88 S.Ct. 776, 19 L.Ed.2d 828 (1968), such a departure is not required, and the court's inquiry does not end there.

As noted earlier, the convenience of the parties and witnesses is a relevant factor for the court to consider in determining whether

to decide a declaratory judgment action. *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 (5th Cir.1983). MFCA contends that for each contact in Texas there is a reciprocal contact in Florida and that there are more than sufficient contacts in each forum to justify venue in either. On the other hand, Fidelity has shown that the convenience of it and its witnesses significantly favors Texas. Fidelity is located in the Northern District of Texas, Fort Worth Division. A number of important witnesses are located here. Moreover, financial aspects of the mortgages were handled through Fidelity's offices in Fort Worth, Texas, and all records pertaining thereto, an estimated 40,-000 pages of documents, are stored here.

There is another factor that favors deciding this declaratory judgment action. The agreement between Fidelity and MFCA contained a choice of law and consent to jurisdiction provision, which provides that:

> This agreement shall be governed by applicable United States and Texas law. This agreement is performable in Tarrant County, Texas and seller [MFCA] hereby waives the right to be sued elsewhere.

Fidelity Bank's Response in Opposition to Mortgage Funding Corporation of America's Motion to Stay or in the Alternative to Dismiss this Action, Exhibit A, Exhibit A–1 at 19. The court recognizes that this provision does not limit actions arising under the agreement to a specified locale and that the provision is simply a consent to jurisdiction in Texas. *See Hunt Wesson Foods, Inc. v. Supreme Oil Co.,* 817 F.2d 75, 77 (9th Cir. 1987). However, the provision is relevant to the court's determination of whether to decide this declaratory judgment action. MFCA admits that "this paragraph means that MFCA waived any jurisdictional claim from being sued in Texas." Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion to Stay or in the Alternative Dismiss this Action at 2. Thus, the parties anticipated that any dispute arising out of the agreement would be litigated in Tarrant County, Texas; and, MFCA should not be allowed to avoid the application of the provision simply because the action brought

in that forum is a declaratory judgment action.

The thrust of MFCA's argument in support of its motion is that, if the filing of the declaratory judgment action was but a "race-to-the-courthouse," the first-to-file rule does not apply and the court in which the first action was filed must defer to the court in which the second action was filed. The principal authorities upon which MFCA relies are *Amerada Petroleum Corp., supra* at 903, and *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290 (S.D.Tex. 1990).

*Amerada Petroleum Corp.* supports the conclusion the court has reached rather than MFCA's argument. In *Amerada Petroleum Corp.,* the Fifth Circuit affirmed the district court's decision not to go forward in the first-filed declaratory judgment action, but in doing so made quite clear that a ruling by the district court that the declaratory judgment action would serve as the vehicle for resolution of the dispute would have been a proper exercise of the district court's discretion. *See* 381 F.2d at 663. The language used by the Fifth Circuit in *Amerada Petroleum Corp.* leaves no doubt that the Court considered that the convenience of the parties was a relevant factor in the determination of whether the declaratory judgment action, rather than the second-filed action, should go forward. *Id.*

In *Mission Ins. Co. v. Puritan Fashions Corp.,* the Fifth Circuit made the following comments when passing on the propriety of a district court's ruling in a case involving a similar controversy:

> The district court also dismissed [the declaratory judgment action] "in the interests of judicial economy and for the convenience of the parties and the witnesses." The convenience of parties and witnesses has traditionally been considered in determining whether to hear a declaratory judgment action. *Amerada,* 381 F.2d at 663–65; *E.F. Hutton & Co. v. Cook,* 292 F.Supp. 409, 410 (S.D.Tex.1968). The classic formulation of these considerations, although in a *forum non conveniens* and not a declaratory judgment context, is contained in *Gulf Oil Corp. v. Gilbert,* 330

·U.S. 501, 508, 67 S.Ct. 839, 943, 91 L.Ed. 1055 (1947):

> An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

> Applying this test, we cannot say that the district court abused its discretion in deciding that the California suit [the second-filed suit] is a more efficient vehicle for litigating this dispute. While as Mission points out there are substantial contacts with Texas, there are also substantial contacts with California....

706 F.2d 599, 602–03 (5th Cir.1983). In a footnote, the Fifth Circuit said that "[a]nticipatory suits are disfavored because they are an aspect of forum-shopping," 706 F.2d at 602 n. 3; however, the text of the opinion makes clear that the district court had discretion to entertain the "disfavored" suit and that the convenience of the parties, or other equitable factors, can outweigh the forum-shopping aspect.

If, as MFCA suggests, the holding in *909 Corporation* is that a declaratory judgment action must be dismissed if forum-shopping was a goal of its filing, the court declines to follow such a holding because it is contrary to the court's reading of the Fifth Circuit's opinions in *Mission Ins. Co.* and *Amerada Petroleum Corp.* Apparently, the *909 Corporation* court did read *Mission Insurance Co.* and *Amerada Petroleum Corp.* as establishing a rather firm rule that "a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction." 741 F.Supp. at 1292. This court does not read the Fifth Circuit cases as establishing such a hard and fast rule. Instead, this court's reading of the Fifth Circuit cases is that the discretion vested in the court in a dispute of this kind authorizes the court to

give preference to the declaratory judgment action if the court, as it has done in this action, concludes that equity would not be disserved by allowing the declaratory judgment action to take precedence.

The court is exercising its discretion in favor of proceeding with this declaratory judgment action.

### IV.

*Order*

For the reasons discussed herein,

The court ORDERS that the motion of MFCA to stay or in the alternative to dismiss this action be, and is hereby, denied.