**JOHNSON BROS. CORPORATION d/b/a Johnson Bros. Corporation of Louisiana,**

v.

**INTERNATIONAL BROTHERHOOD OF PAINTERS and Allied Trades Union and Industry Pension Fund.**

Civ. A. No. 94–178–A.

United States District Court, M.D. Louisiana.

July 27, 1994.

Bernard Marcus, Ellis B. Murov, Deutsch, Kerrigan & Stiles, New Orleans, LA, for plaintiffs.

Nancy Picard, Robein, Urann & Lurye, Metairie, LA, Barbara L. Camens, Barr, Peer & Camens, Washington, DC, for defendants.

### RULING ON MOTION TO DISMISS, TRANSFER OR STAY

JOHN V. PARKER, Chief Judge.

This matter is before the court on a motion by defendant, International Brotherhood of Painters and Allied Trades Union and Industry Pension Fund, to dismiss, stay or transfer. The motion is opposed. There is no need for oral argument. Jurisdiction is allegedly based upon 28 U.S.C. §§ 1331, 1332 and 29 U.S.C. §§ 185, 1132(e).

On March 1, 1994, Johnson Bros. filed this declaratory judgment action seeking a determination of its obligation to make contributions to defendant, Pension Fund, in connection with a painting job performed in Baton Rouge, Louisiana. Service was not made on the Pension Fund until April 4, 1994. On April 12, 1994, the Pension Fund filed a delinquency action against Johnson Bros. in the United States District Court for the District of Columbia involving the same issues.

■ The Pension Fund now moves to dismiss, stay or transfer based upon the proceedings pending in the District of Columbia. Defendant essentially argues that this declaratory action was filed in anticipation of its delinquency proceedings and that the Fund should be allowed to proceed in the forum where the plan is administered pursuant to the special venue provisions in the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1132(e)(2).

In opposition, plaintiff basically denies that this is an anticipatory suit. Plaintiff claims that defendant first indicated it might file a delinquency action by a letter dated March 2, 1994, the day after this suit was instituted. Affidavit of Keith Kramer. Plaintiff additionally argues that the "first-filed" rule should control, particularly in view of the interests of justice and the convenience of the parties and witnesses.

■ While the Fifth Circuit generally follows the "first-filed" rule in avoiding duplicative lawsuits filed in federal district courts, that rule is not adhered to where compelling circumstances dictate that the first action be dismissed rather than the second one. *Stack v. Whitney Nat. Bank,* 789 F.Supp. 753 (S.D.Miss.1991), affirmed, 958 F.2d 1078 (5th Cir.1992) (Table); *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290 (S.D.Tex.1990). "Compelling circumstances" exist when a declaratory action is filed in anticipation of another lawsuit in order to secure a more favorable forum. Id.

Despite plaintiff's claim to the contrary, it is clear that this action was filed in anticipation of a lawsuit by the Fund. By letter dated February 10, 1994, the Fund notified plaintiff it was seeking payment of an $110,-000 audit deficiency. Affidavit of Vicki McGlone. While settlement negotiations were ongoing, plaintiff filed its declaratory judgment action, withholding service on defendant.

Under the circumstances, the court has little difficulty in concluding that this action is a preemptive strike. Application of the

"first-filed" rule would penalize the Fund for its efforts to settle this matter out of court. *909 Corp.*, supra. This would be particularly inequitable considering that defendant is a pension fund with a fiduciary duty to minimize its expenses and to collect delinquencies in as effective a manner as possible. Defendant persuasively argues that it is entitled to proceed under the special venue provisions of ERISA.

Additionally, the court observes that the convenience of the parties and witnesses is a relevant factor in determining whether a declaratory action should go forward. *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir.1983). In this regard, plaintiff argues that defendant has failed to present "facts" to show that the District of Columbia is the more convenient forum. Plaintiff then submits the affidavit of A.A. Sehlin, "Senior Vice President" for Johnson Bros., to purportedly show that some of its records are kept in Kenner, Louisiana, and that its witnesses will "largely be drawn" from employees who worked on the Baton Rouge painting job and who "virtually all" reside "in Baton Rouge or its environs." The **facts** about which these employees will testify are conspicuous by their absence. Neither their names nor the nature of their purported testimony is suggested by plaintiff.

The court finds that plaintiff's attempt at establishing the "facts" is just as inadequate as defendant's, if not more so. Plaintiff has failed to show that the convenience of the parties and witnesses outweighs the forum shopping and other equitable factors involved here. Moreover, as it is undisputed that this controversy may be fully resolved in the District of Columbia, the court concludes that this declaratory judgment action should be dismissed rather than stayed or transferred.

Accordingly, the motion by defendant to dismiss is hereby GRANTED and this action shall be dismissed without prejudice.