955 F.Supp. 1162 (1997)
COMMERCIAL UNION INSURANCE COMPANIES, Plaintiff,
v.
Fredo TORBATY d/b/a T & A Development Corporation, Defendant.
No. 4:96-CV-779 (CEJ).
United States District Court, E.D. Missouri, Eastern Division.
January 27, 1997.
*1163 Russell F. Waters, Brown and James, St. Louis, MO, for Plaintiff.
Blair K. Drazic, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
JACKSON, District Judge.
This matter is before the Court on defendant's motion to dismiss [Doc. 7]. Plaintiff has filed a response in opposition to the motion.
Plaintiff Commercial Union Insurance Companies ("Commercial Union") brings this declaratory judgment action against defendant Fredo Torbaty d/b/a T & A Development Corporation ("Torbaty"). Plaintiff claims that it issued an insurance policy in reliance upon certain misrepresentations made by the defendant. Accordingly, under plaintiff's view, the insurance policy became null and void, and plaintiff was not required to pay defendant's $62,160 policy claim. In a letter dated April 19, 1996, plaintiff notified defendant that it was denying the policy claim based on defendant's alleged misrepresentations. On April 22, 1996, plaintiff filed the instant declaratory judgment action in this Court. Finally, on May 24, 1996, defendant filed a separate action in the Circuit Court of the City of St. Louis, Missouri.
It is well established that "the first court in which jurisdiction attaches has priority to consider the case." Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir.1985), quoted in Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir.1993). The "first-filed rule" is not applied in a "rigid, mechanical, or inflexible" manner, but is applied to best serve the interests of justice. Id. Courts apply the first-filed rule unless the case involves "compelling circumstances." Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu, 675 F.2d 1169, 1174 (11th Cir. 1982), quoted in Northwest Airlines, 989 F.2d at 1005.[1]
When a declaratory judgment action is the first-filed case, the Eighth Circuit has cautioned that the situation raises a "red flag" and could reveal compelling circumstances. Northwest Airlines, 989 F.2d at 1007. This is because a declaratory judgment action "may be more indicative of a preemptive strike than a suit for damages or equitable relief." Id. A court must examine whether the plaintiff acted in "bad faith" or filed suit as a "race to the courthouse." Id. If either of these two circumstances are found, the first-filed rule is not applied and the declaratory judgment action is dismissed. 909 Corp. v. Bolingbrook Police Pension Fund, 741 F.Supp. 1290, 1292-93 (S.D.Tex. 1990).
In the instant action, plaintiff denied the policy claim in a letter dated April 19, 1996, and filed this action on April 22, 1996. Therefore, plaintiff gave defendant merely three days notice of its position prior to filing suit. The Court finds that plaintiff had not given "adequate notice" of its position on the policy claim before bringing this action. Brower v. Flint Ink Corp., 865 F.Supp. 564, 571-72 (N.D.Iowa 1994) (citing United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 489 (8th Cir. 1990)). Lack of adequate notice provides compelling circumstances to avoid application of the first-filed rule. Id. Furthermore, defendant filed suit in state court approximately a month after plaintiff issued its denial of coverage letter and filed its declaratory judgment action. The Court finds that this provides additional evidence that plaintiff filed its declaratory judgment action as a race to *1164 the courthouse. As a result, the Court declines to apply the first-filed rule and will grant defendant's motion to dismiss this declaratory judgment action. 909 Corp., 741 F.Supp. at 1292-93.
For reasons stated above,
IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED [Doc. 7].
NOTES
[1] Typically, the first-filed rule is applied when an action is filed in two federal courts. However, the rule is applied with equal force when an action is filed in federal court and state court. See, e.g., Merrill Lynch, 675 F.2d at 1173 (pointing to general principles of comity).