**HARTFORD UNDERWRITERS INSURANCE COMPANY**

v.

**FOUNDATION HEALTH SERVICES, INC. f/k/a LUNCH, INC.**

**No. CIV.A. 04–773–B–M1.**

United States District Court,
M.D. Louisiana.

Feb. 24, 2005.

Sidney W. Degan, III, David Jeddie Smith, Jr., Julia Ann Dietz, Degan, Blanchard & Nash, New Orleans, LA, for Plaintiff.

Dale R. Baringer, Schaneville & Baringer, Baton Rouge, LA, Michael A. Heilman, Heilman Kennedy Graham, P.A., Jackson, MS, for Defendants.

### Ruling

POLOZOLA, Chief Judge.

This matter is before the court on the defendant's Motion to Transfer Venue or In the Alternative Stay.[1] The plaintiff has filed an opposition to the motion as required by the local rules of court.[2] After reviewing the record, the Court finds that the motion to transfer venue should be granted as a matter of law under the facts of this case. The Court also finds it is in the interest of justice, judicial economy and fairness that all of these cases be tried before a single judge.

### I. Factual Background

Magnolia Healthcare, Inc. ("Magnolia") is a Mississippi corporation whose principal place of business is in Mississippi. Magnolia, which owns and operates four nursing homes in Mississippi, obtained nursing home professional liability and commercial general liability insurance coverage from The Hartford Financial Services Group, Inc. ("Hartford"). Hartford issued several policies covering the years 1997 to 1999. Fourteen suits have been filed against Magnolia in Mississippi. Eight of these suits were filed in Leflore County, Mississippi, and six suits were filed in Washington County, Mississippi. Each of these suits allege that the Mississippi nursing homes were negligent under Mississippi law and that such negligence caused injuries to the plaintiffs who are residents of the nursing homes.[3] After these suits were filed, Hartford retained counsel to provide the insured with a defense, issued a reservation of rights letter, and acted in conformity with the reservation of rights provision of the policy and the letter. Defendant alleges that Hartford did not notify the defendant as required by Mississippi law that it was entitled to independent counsel once a reservation of rights was issued. This failure and other reasons prompted Foundation Health Services, Inc., formerly known as LUNCH, Inc., ("Foundation"), to file suit against Hartford on October 22, 2004. This Foundation action is currently pending in the United States District Court for the Northern District of Mississippi (Greenville Division).

On October 29, 2006, Hartford filed suit in this Court against Foundation seeking a declaratory judgment setting forth its rights and duties under the applicable policies.[4]

Foundation then filed the motion which is presently pending before the Court seeking to have this action either transferred to the Northern District of Mississippi (Greenville Division), or in the alternative, to have the case stayed pending a determination by the United States District Court for the Northern District of Mississippi (Greenville Division) as to which case should proceed.

---

1. Rec. Doc. No. 13.

2. Rec. Doc. No. 19.

3. *Id.*

4. Rec. Doc. No. 1.

In its opposition, Hartford contends that Lunch is a Louisiana corporation which is domiciled in Baton Rouge. Hartford also contends Louisiana law may apply and that the State of Louisiana has a strong interest in the outcome of this litigation. Hartford ignores the fact that its insured chose a Mississippi federal court to resolve the current dispute between the parties. While the Court may consider the location of where the policy was issued as one factor in determining whether to transfer a case, that is not the sole factor for the Court to consider. The insured was not forced or required to file its suit in Mississippi. It chose to file its declaratory action in the same district where the other fourteen suits filed against the insured were pending. Indeed, the underlying facts of these fourteen suits will have to be considered by the Court in determining whether the policy affords coverage under the facts of these cases. The liability, if any, of the insured must be determined under Mississippi law.

After reviewing the record in this case, the Court finds that the defendant's motion to transfer is granted. The Court also finds in the alternative should its decision transferring this case be reversed, that this case should be stayed pending a decision by the District Court for the Northern District of Mississippi (Greenville Divi-

sion) in the suit filed by Lunch in that district.

The Court further finds in the alternative that the Northern District of Mississippi (Greenville Division) is the most convenient forum under the *forum non conveniens* principles to try this case.[5]

## II. Law and Analysis

 The Fifth Circuit has set forth general principles which are designed so as to avoid duplicative litigation between federal courts handling the same or similar matters.[6] To avoid such duplication, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court.[7] In particular, '[a] court may....in its discretion dismiss a declaratory judgment or injunctive suit if the same issue is pending in litigation elsewhere.' "[8] The Fifth Circuit has granted district courts an additional option to transfer or stay where there exists a multiplicity of actions which is very applicable to the case at bar:

> In addition to outright dismissal, it sometimes may be appropriate to transfer the action or to stay it. A stay may, for example, be appropriate to permit the court of first filing to rule on a motion to transfer. If that court transfers the first-filed action, the stay could

5. *See Central Freight Lines, Inc. v. APA Transport Corp.,* 322 F.3d 376 (5th Cir.2003), citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528, and generally, *Asahi Metal Indus. Co. Ltd. v. Superior Court of California,* 480 U.S. 102, 115, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987): ("In determining whether the exercise of jurisdiction is fair and reasonable, the court must balance: (1)the burden on the nonresident defendant of having to defend itself in the forum; (2)the interests of the forum state in the case; (3)the plaintiff's interest in obtaining convenient and effective relief; (4)the interstate judicial system's interest in the most efficient resolution

of controversies; and (5)the shared interests of the states in furthering fundamental social policies.")

6. *West Gulf Maritime Association v. ILA Deep Sea Local 24, South Atlantic and Gulf Coast District of the ILA; AFL–CIO, et al.,* 751 F.2d 721 (5th Cir.1985), citing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (dictum).

7. Internal citation omitted.

8. *West Gulf, supra* note 5, at 729.

be lifted and the actions consolidated. If the transfer is denied, however, the stay could be lifted and the second-filed action dismissed or transferred.[9]

The court explained that the rationale in taking such action is to "avoid rulings with may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[10]

■ Moreover, the Fifth Circuit has ruled that the "first-to-file" rule is also a basis on which a court may transfer or stay a case which eliminates the possibility of courts issuing different rulings in similar litigation:

> The *West Gulf* and *First City*[11] cases deal with the so-called first-to-file rule, which comes into play when a plaintiff files similar lawsuits in two different federal districts. We have held that to avoid duplicative litigation, "a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court."[12] The first-to-file rule holds that "[i]n the absence of compelling circumstances, the Court initially seized of a controversy should be the one to decide whether it will try the case."[13]

■ Because the Court finds that the case filed in this Court is related to, if not virtually identical, to the suits that were first filed in the Northern District of Mississippi, the defendant's Motion to Transfer Venue is granted. Out of an abundance of caution, the Court also finds in the alternative that this case should be stayed[14] pending a resolution of the Mis-

sissippi case if its ruling to transfer the case is reversed. The Court also finds in the alternative that the United States District Court for the Northern District of Mississippi (Greenville Division) is the most convenient forum to try this case considering the location of the witnesses, exhibits and the law to be applied. These factors override plaintiff's argument that a Louisiana court should be the forum simply because the policy was issued in Louisiana. Justice demands and requires that these cases be tried in a single forum.

THEREFORE:

IT IS ORDERED that this case be transferred to the Northern District of Mississippi (Greenville Division).

---

9. *Id.*, at 729 n. 1.

10. *Id.*, at 729 [internal citations omitted].

11. *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir.1989).

12. *West Gulf, supra* note 5, at 729.

13. *C.G. Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., Security Pacific Corp., Security Pacific Brokers, Inc.* 961 F.2d 1148 (5th Cir.1992), citing *909 Corp. v. Village of Bolingbrook Police Pension Fund,* 741 F.Supp. 1290, 1292 (S.D.Tex.1990) (citation omitted).

14. Rec. Doc. No. 13.