**Owen ORTHMANN, Appellant,**

v.

**APPLE RIVER CAMPGROUND, INC., Somerset Camp, Inc., Floater's Haven Park, Inc., Float-Rite, Inc., Alice Incorporated and St. Croix Valley Sports Club, Inc., d/b/a River's Edge, Somerset Community Club and the Village of Somerset, d/b/a Village Park, Henri Breault, d/b/a Terrace Tubes and Aurel Cloutier, d/b/a Sunrise Park, Individually and as Joint Ventures, Appellees.**

No. 83–2519.

United States Court of Appeals, Eighth Circuit.

Submitted June 13, 1984.

Decided June 17, 1985.

---

Clint Grose, Minneapolis, Minn., for appellant.

Kay Hunt, Minneapolis, Minn., Tim Murphy, St. Paul, Minn., and Thomas D. Bell, New Richmond, Wis., for appellees.

Before LAY, Chief Judge, HEANEY, Circuit Judge, and COLLINSON *, Senior District Judge.

* The HONORABLE WILLIAM R. COLLINSON, Senior United States District Judge for the Eastern and Western Districts of Missouri, sitting by designation.

HEANEY, Circuit Judge.

Owen Orthmann was innertubing on the Apple River near Somerset, Wisconsin, on July 19, 1980. During his trip down the river, he stopped at the river bank and dove into the water. Orthmann struck his head on the bottom or a submerged object, crushing several vertebrae. The blow rendered him a quadriplegic.

Orthmann filed a tort action against the Apple River innertube rental establishments in federal district court for the District of Minnesota on April 18, 1983. Although he was an Iowa resident at the time of the accident, Orthmann later became a Minnesota resident; he alleged subject matter jurisdiction in Minnesota federal district court based on diversity of citizenship, 28 U.S.C. § 1332. On July 13, 1983, he filed an identical action in federal district court for the Western District of Wisconsin. Orthmann apparently filed the Wisconsin action in order to toll the statute of limitations in that court should the Minnesota forum not have personal jurisdiction over the defendants. Orthmann requested that the Wisconsin district court stay its proceedings pending the outcome of the Minnesota action.

On October 13, 1983, the Minnesota federal district court dismissed the case for lack of personal jurisdiction over the defendants. Orthmann appealed this order to our Court on November 8, 1983.

On January 24, 1984, the Wisconsin federal district court dismissed Orthmann's complaint for failure to state a claim upon which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6). Orthmann filed a notice of appeal from this order with the Seventh Circuit on February 17, 1984. On March 19, 1985, the Seventh Circuit reversed the district court as to all but one defendant, holding that the district court erred in disposing of the case on the pleadings. *Orthmann v. Apple River Campground, Inc.*, 757 F.2d 909, 915 (7th Cir. 1985). The Seventh Circuit remanded the

case back to the district court for further proceedings. *Id.*

We thus have remaining before us Orthmann's appeal on the question of whether there is personal jurisdiction over the defendants in Minnesota. As detailed above, nearly two years have gone by while this case has proceeded on identical complaints in two jurisdictions. Generally, the doctrine of federal comity permits a court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district. *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94–5 (9th Cir. 1982). Hence, courts follow a "first to file" rule that where two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case. *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir.), *cert. denied*, 456 U.S. 1007, 102 S.Ct. 2299, 73 L.Ed.2d 1302 (1982). The Eleventh Circuit has similarly stated that "[i]n the absence of compelling circumstances, the court initially seized of a controversy should be the one to decide the case." *Merrill Lynch, Pierce, Fenner & Smith v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982). The purpose of this rule is to promote efficient use of judicial resources. The rule is not intended to be rigid, mechanical, or inflexible, but should be applied in a manner serving sound judicial administration. *Pacesetter Systems, Inc.*, 678 F.2d at 95.

We conclude that the federal comity doctrine is best served in this case by dismissing Orthmann's action in Minnesota district court. Although he filed his action first in Minnesota, the decision by the Seventh Circuit means that the controversy is now further developed in the Wisconsin district court. We note that while none of the parties question whether the Wisconsin court has personal jurisdiction, the parties vigorously dispute whether there is personal jurisdiction over the defendants in Minnesota. In the absence of clear guidance from the Minnesota Supreme Court, we hesitate to construe the limits of Minnesota's long-arm statute when the identical lawsuit is proceeding without jurisdictional problems in Wisconsin federal district court. *See BLC Ins. Co. v. Westin, Inc.*, 359 N.W.2d 752 (Minn.App.1985) (Minnesota Court of Appeals decision holding that Wisconsin bar owner's act of soliciting Minnesota customers by advertising on Minnesota radio station establishes sufficient minimum contacts under Minn.Stat. § 543.19, subd. 1); *cf. Pearrow v. National Life & Accident Ins. Co.*, 703 F.2d 1067, 1068–69 (8th Cir.1983) (holding that advertising is insufficient contact under similar Arkansas statute).

For these reasons, we decline to rule on whether the district court erred in dismissing the complaint for lack of personal jurisdiction and dismiss the instant appeal with prejudice.