**HOP–IN FOOD STORES,
INC., Plaintiff,**

v.

**S & D COFFEE, INC., Defendant.**

Civ. A. No. 86–0145–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

Sept. 3, 1986.

**1107**

Gregory L. Lyons, Gardner, Moss & Rocovich, Roanoke, Va., for plaintiff.

John L. Walker, Jr., Woods, Rogers & Hazlegrove, Roanoke, Va., Peter J. Covington, Smith, Helms, Mullins & Moore, Charlotte, N.C., for defendant.

## MEMORANDUM OPINION

TURK, Chief Judge.

This case comes before the court on defendant's motion to dismiss or stay the proceeding in favor of a similar action filed by the defendant in the Middle District of North Carolina. Plaintiff Hop-In Food Stores, Inc. ("Hop-In") allegedly breached a contract with S & D Coffee, Inc. ("S & D") in March, 1986. On March 20, Hop-In filed a declaratory judgment action in this court, asking this court to declare that it lawfully terminated the contract. S & D filed suit for breach of contract in the Middle District of North Carolina on May 28, 1986, without knowledge of the pending suit here in Roanoke. A summons was sent to Hop-In that same day. Only after receiving this summons did Hop-In then send the complaint and summons to S & D.

The general rule in federal courts is that the court in which jurisdiction first attaches should be the one to decide the case. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir. 1985). However, when a declaratory judgment suit is filed simply in anticipation of another parallel suit, courts have often dismissed the first suit as an improper effort to "forum-shop." *See, e.g., Pacific Employees Insurance Co. v. M/V Captain W.D. Cargill*, 751 F.2d 801 (5th Cir.1985); *Ven-Fuel v. Department of the Treasury*, 673 F.2d 1194 (11th Cir.1982).

In light of the uncontroverted facts, the court believes that this action should be dismissed in favor of the parallel suit in North Carolina. It is up to the "district court's sound discretion whether to decide a declaratory judgment action." *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir.1983). Service on S & D was delayed until after the parallel action was filed. Additionally, this suit was filed before April 3, the date Hop-In told S & D termination of the contract was effective.

For these reasons, the court declines to exercise jurisdiction in this matter. The case is hereby ORDERED dismissed so that the parallel action may proceed in North Carolina without an unnecessary duplicity of suits.