846 F.2d 74
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Timothy BRICK, Defendant-Appellant.
 No. 87-7310.
 United States Court of Appeals, Fourth Circuit.
 Argued March 10, 1988.
Decided April 11, 1988.
 
 Lisa Bondareff Kemler (William B. Moffitt on brief) for appellant.
 Solomon Wisenberg, Assistant United States Attorney (J. Douglas McCullough, Acting United States Attorney on brief) for appellee.
 Before DONALD RUSSELL and K.K. HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 On October 15, 1985, Timothy Brick entered into a plea agreement in the Eastern District of North Carolina. In return for his plea of guilty to certain drug-related charges, the government agreed to dismiss other counts, to dismiss another indictment then pending in that district, and to recommend a certain sentence. The government also agreed that "[t]he U.S. will not oppose that any sentence imposed in this case run concurrently with any sentence which may subsequently be imposed" by the United States District Court in the Northern District of Ohio.
 
 
 2
 At the time of this plea agreement, Brick was under indictment in Ohio for conspiracy to commit some of the substantive offenses which were charged in the North Carolina indictment that was dismissed as part of the plea agreement. On February 24, 1987, a superseding indictment in Ohio charged Brick with conducting a continuing criminal enterprise.
 
 
 3
 One of the predicate felonies charged against Brick involved the same offense to which he pleaded guilty in the Eastern District of North Carolina. Another of the predicate felonies involved the same offense covered by one count of the North Carolina indictment dismissed as part of the plea agreement. On April 3, 1987, Brick filed in the Northern District of Ohio a motion to dismiss the superseding indictment alleging that it violated the North Carolina plea agreement. The district court for the Northern District of Ohio denied that motion on February 17, 1988, and Brick moved for reconsideration.
 
 
 4
 In July of 1987 Brick filed a motion to enforce the plea agreement in the district court for the Eastern District of North Carolina. The district court denied this motion without undertaking to interpret the agreement. We affirm.
 
 
 5
 The government acknowledges that a plea agreement entered into in one district is, absent express and unambiguous qualification, binding on federal prosecutors in every other district. Despite Brick's apparent misapprehension, that principle is not at issue in this case. Rather, the controversy concerns the designation of the proper court to interpret the plea agreement.
 
 
 6
 Brick points to United States v. Harvey, 791 F.2d 294, 297 n. 2 (4th Cir.1986), to demonstrate that we have previously recognized concurrent jurisdiction to interpret a plea agreement in the court where the plea was entered and in the court where the defendant is facing a subsequent prosecution. But the setting of Harvey was very different from that of the present case. In Harvey, interpretation of the plea agreement was first sought in the district in which it was entered. In this case, by contrast, the interpretation and enforcement of the plea agreement was first sought in the Ohio district court where the new indictment is pending. Brick has attempted now to raise these identical issues in the Eastern District of North Carolina, and it is certain that the district court did not abuse its discretion in dismissing his motion.
 
 
 7
 Federal courts generally follow a "first to file" rule, declining jurisdiction over an action when the same parties and issues are already before another district. See Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-97 (9th Cir.1982). The rule is not inflexible, however, and the court in which an action is first filed may properly defer to another court in which a similar proceeding, subsequently filed, has moved further toward resolution. The purpose of the rule is to "promote efficient use of judicial resources" and it "should be applied in a manner serving sound judicial administration." Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir.1985). Cognizant of these principles, we assigned the task of interpreting and applying Harvey's Eastern District of Virginia plea agreement to the District of South Carolina where the indictment that allegedly breached the agreement was being prosecuted. See Harvey, 791 F.2d at 304.
 
 
 8
 In the present case, consideration of the plea agreement in Ohio will observe both the first to file rule and the deference that should be accorded to the court that has undertaken to resolve the controversy.
 
 
 9
 AFFIRMED.