**NORTHWEST AIRLINES,
INC., Plaintiff,**

v.

**AMERICAN AIRLINES,
INC., Defendant.**

**Civ. No. 4–91–539.**

United States District Court,
D. Minnesota, Fourth Division.

June 24, 1992.

**656**

Thomas W. Tinkham, William R. Stoeri, Christopher John Riley, Dorsey & Whitney, Minneapolis, Minn., for plaintiff.

Janie S. Mayeron, Richard Alvin Kaplan, Julie Miriam Friedman, Popham Haik Schnobrich & Kaufman, Minneapolis, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Northwest Airlines, Inc. (Northwest) brought this diversity action against American Airlines, Inc. (American) seeking a declaratory judgment that its "past hiring of 'terminable-at-will' employees of American was a proper and lawful part of the competition in the airline industry, and that Northwest has the right to seek to hire other 'terminable-at-will' employees ..." Complaint 3–4. American later filed suit against Northwest in the Northern District of Texas, alleging tortious interference with employment contracts and unfair competition.

Subsequently the parties brought motions in both jurisdictions. Each prefers to go forward in the jurisdiction which it chose. On October 30, 1991, this court denied American's motion to dismiss or to transfer this action to the Northern District of Texas. On January 28, 1992, the Texas court denied Northwest's motion to transfer the action filed there and on May 12, 1992, Northwest's motion to reconsider was denied. Northwest now moves to enjoin American from proceeding with the Texas lawsuit.

### I.

Northwest, a Minnesota corporation with its principal place of business in Minnesota, and American, a Delaware corporation with its principal place of business in Texas, compete in the airline industry. Between November 1990 and November 1991, Northwest hired fourteen terminable-at-will employees previously employed by American. These employees served as executives in two departments at American:

the Pricing and Yield Management Department and the Finance Department. American claims that these employees had access to proprietary information and trade secrets.

On May 15, 1991, American's general counsel wrote Northwest to complain of its hiring American employees and threatened to bring suit. It closed: "I have never much fancied being a plaintiff, but you folks may drive us to it. Although we are flattered by all the attention, we hope you'll look elsewhere for your staffing needs." By this time Northwest had hired nine of the fourteen employees. In the following two months, Northwest hired two more American executives.

On June 6, 1991, Northwest replied to American's letter, disagreeing with American's interpretation of Texas law and, on July 17, 1991, Northwest filed this declaratory judgment action. On August 30, 1991, American filed suit against Northwest in the Northern District of Texas, alleging tortious interference and unfair competition, and seeking both damages and injunctive relief. Between the filing of the two suits, Northwest had hired two more American executives. On November 19, 1991, Northwest hired one more American employee, bringing the total to fourteen.

## II.

The first motion related to venue was brought by American when it moved this court to dismiss this declaratory judgment action or to transfer, and a hearing was held on October 11, 1991. On October 30, 1991, American's motion was denied. The court declined to dismiss the declaratory judgment action because it found that Northwest had filed this action to free itself from the uncertainty presented by American's open-ended threat of litigation. This court determined that:

> The facts do not indicate that Northwest has engaged in procedural fencing. Northwest does not appear to have filed suit simply to avoid an impending lawsuit in Texas. American gave Northwest no warning as to when it might file suit. Northwest reacted to the uncertainty created by American's communicated legal position by filing this suit. Northwest does not appear to have raced to the courthouse. Without any impending deadline, Northwest did not know that a race was on.

Order Dated 10/30/91 at 3–4.

The day before this court ruled on American's motion, Northwest moved to transfer the Texas action to this district. The Texas court denied the motion without oral argument. It concluded that "application of the first-filed rule to the facts of this case would penalize American for efforts to resolve this dispute out of court and deprive it of its forum of choice." Order dated January 28, 1992. The Texas court then denied Northwest's motion to reconsider, stating that it had "based its decision upon the improper anticipatory filing of a declaratory judgment action in the District of Minnesota." Order Denying Motion to Reconsider. Neither order of the Texas court mentioned this court's prior order or determinations.

Thus, we have a situation where two federal courts have issued somewhat conflicting decisions in related cases over which they have jurisdiction. Such a situation can arise where decisions are in discretionary areas such as the exercise of jurisdiction in declaratory judgment actions, *see Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), or motions to transfer under 28 U.S.C. § 1404. *See Arkla Exploration Co. v. Texas Oil & Gas Corp.*, 734 F.2d 347 (8th Cir.1984).

Essentially the same controversy is pending before two federal courts. The parties have agreed that discovery in either action can be used in both actions, and case deadlines have been set in both jurisdictions. Trial in Texas is currently set for the week of October 26, 1992; the ready for trial date here is December 15, 1992. In an attempt to reduce the number of active fora to one, Northwest now moves to enjoin American from proceeding in the Texas litigation.

## III.

Northwest argues that this court should apply the "first-filed" rule unless American

can show that there are compelling circumstances to avoid its application. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir.1985). Northwest filed the Minnesota action first; American's claims in the Texas litigation are virtually identical to the counterclaims here; and there are no unusual or compelling circumstances to justify proceeding in the later-filed action. Northwest argues that this court already considered and rejected the factors that might permit the continuation of the Texas action when it denied American's motion to dismiss or to transfer.

American argues that there are compelling circumstances to avoid the "first-filed" rule. First, it argues that Northwest had no basis to bring its declaratory judgment action. It argues that, despite the claim in its complaint, Northwest was not deterred from hiring American personnel by the threat of a lawsuit. Second, American argues that Northwest should be bound by the determination of the Texas court on the motion to transfer. American argues that Northwest is trying to circumvent the ruling of the Texas court. Northwest had the choice of moving for transfer in Texas or immediately moving for an injunction here. By choosing to move for transfer in Texas, it should be bound by the Texas court's decision.

Northwest replies that American also moved to transfer and has not acknowledged any binding effect, in the Texas litigation, of this court's order denying transfer. Northwest insists that American cannot argue that Northwest is bound by the determination of the Texas court without admitting that it is bound by the determination of this court. Northwest argues that American should not have opposed its motion to transfer in the Texas litigation.

### IV.

 In the absence of compelling circumstances, the district court first obtaining jurisdiction over the parties should proceed to adjudicate the controversy and should restrain the parties from proceeding in a later filed action. *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119 (8th Cir.1985); *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475 (3rd Cir.1942) *cert. denied,* 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942). A party may demonstrate compelling circumstances by showing that the first action was filed in bad faith, *Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475, 476 (3rd Cir.1942) *cert. denied,* 317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942), that in the first-filed action the plaintiff raced to the courthouse to avoid litigating in another forum, *see Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 217, 219 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979), or that the second action has developed further than the first. *See Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir. 1985). In determining whether to enjoin parties from proceeding in a later filed action, a court should consider "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952).

 These two lawsuits, now in the early stages of discovery, are essentially identical: American has asserted counterclaims in this litigation which mirror its claims in the Texas litigation. Proceeding simultaneously in the two courts potentially multiplies the work of both the courts and the parties. Each party appears likely to file motions in the forum it favors and may attempt to relitigate issues in the other forum. Given the present posture of this case, there is real potential for conflicting orders to issue.

American has shown no compelling circumstances to allow the litigation to proceed in the second forum. In deciding to retain jurisdiction over the declaratory judgment action, this court found that Northwest had neither filed the declaratory judgment action in bad faith nor "raced to the courthouse." *See Crosley Corp. v. Westinghouse Elec. & Mfg. Co.*, 130 F.2d 474, 475, 476 (3rd Cir.1942) *cert. denied,*

317 U.S. 681, 63 S.Ct. 202, 87 L.Ed. 546 (1942); *Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 217, 219 (2d Cir.1978), *cert. denied,* 440 U.S. 908, 99 S.Ct. 1215, 59 L.Ed.2d 455 (1979). The only new evidence American presents to show bad faith is deposition testimony of Northwest's Vice President of Financial Planning, who stated he had not noticed any change in recruiting practice as a result of the litigation. This testimony, under all the circumstances, does not show that Northwest proceeded in bad faith. Northwest has not hired any American employees since November 18, 1991, but had hired fourteen employees in the previous year. This conduct supports the position that the litigation has had an effect on its hiring practices. The court is not persuaded that its original ruling should be modified; American has not shown that Northwest proceeded in bad faith or "raced to the courthouse."

The decision of the district court in Texas does not constitute a compelling circumstance to avoid the first-filed rule. Neither court's ruling on the propriety of Northwest's declaratory judgment action need have binding effect on the other, and the other district's orders do not directly address the situation in which the two courts have been put by the parties' choices.

The record does not show that Northwest waived any right to move for an injunction in this forum by first moving for relief in Texas. *See National Equipment Rental, Ltd. v. Fowler,* 287 F.2d 43 (2d Cir.1961); *see also Asset Allocation & Mgt. v. Western Employers Ins.,* 892 F.2d 566, 573 (7th Cir.1989) (indicating that first forum should wait until second forum rules on stay motion before ruling on injunction). Since an injunction is an extraordinary form of relief, it was appropriate for Northwest to move for transfer in the Texas litigation before attempting to enjoin American from proceeding there.

It makes sense for this litigation to proceed in one forum to conserve judicial resources, to advance disposition on the merits, and to avoid conflicting rulings. Not only the first-filed rule favors this forum, for this forum also appears to be the most convenient as discussed in the opinion of October 30, 1991. Furthermore, United States Magistrate Judge Jonathan Lebedoff has been actively engaged in case management proceedings here, including handling discovery motions and organizing an early settlement conference. Under all the circumstances it appears to be in the interests of justice to grant plaintiff's motion.

## ORDER

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that the motion of Northwest Airlines, Inc., is granted, and American Airlines, Inc. is enjoined at this time from proceeding further with its lawsuit against Northwest Airlines, Inc. filed in the United States District Court for the Northern District of Texas, CA4–91–630K.