**BOATMEN'S FIRST NATIONAL BANK OF KANSAS CITY, Plaintiff–Appellee,**

v.

**KANSAS PUBLIC EMPLOYEES RETIREMENT SYSTEM, Defendant–Appellant.**

No. 95–1077.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1995.

Decided June 7, 1995.

Kenneth Philip Ross, Chicago, IL, argued (Robert F. Coleman, Elizabeth R. Schenkier, Kathleen K. Mone, Eugene I. Pavalon, Geoffry L. Gifford and Donald H. Loudon, Jr., on the brief), for appellant.

Ronald L. Holt, Kansas City, MO, argued (John M. Edgar and Juliet A. Cox on the brief), for appellee.

Before McMILLIAN, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.

JOHN R. GIBSON, Senior Circuit Judge.

The Kansas Public Employees Retirement System, commonly known as KPERS, appeals from the district court's grant of a preliminary injunction, enjoining it from suing Boatmen's First National Bank of Kansas City in any other court for claims relating to Boatmen's role as indenture trustee under two subordinated debentures KPERS purchased from Home Savings Association of Kansas City, F.A. *Boatmen's First Nat'l Bank of Kansas City v. Kansas Pub. Employees Retirement Sys.*, No. 94–1179–W–3–1 (W.D.Mo. Dec. 16, 1994). KPERS argues that the district court lacks subject matter jurisdiction; that the district court should not apply the first-filed rule in this case; and that the district court failed to set forth adequate findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52(a). We are satisfied that the district court failed to engage in the fact finding and legal analysis required by Rule 52(a) and, accordingly, remand for entry of an order in accordance with that rule.

This action is one of a series of suits involving KPERS' claims against the officers and directors of the Home Savings Association and against certain investment advisors, lawyers, and accountants involved in the transactions underlying the claims.[1] On October 18, 1994, KPERS' counsel telephoned Boatmen's general counsel and stated that KPERS believed it had valid claims against Boatmen's. Later that day, KPERS' counsel faxed a letter offering to discuss settlement before filing a complaint. KPERS' counsel enclosed a draft complaint with the letter and stated that KPERS would file the suit if Boatmen's did not respond by October 30. On October 21, 1994, three days after receiving the letter and complaint, Boatmen's filed an application to intervene as a party defendant in the Home Savings case,[2] along with a

1. *See, e.g., Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, No. 95–1294 (8th Cir.) (pending appeal); *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, No. 94–3063 (8th Cir.) (pending appeal); *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, 4 F.3d 614 (8th Cir.1993), *cert.* denied, —— U.S. ——, 114 S.Ct. 2132, 128 L.Ed.2d 862 (1994).

2. The law firms of Blackwell, Sanders, Matheny, Weary & Lombardi and Shook, Hardy & Bacon also received similar letters from KPERS and sought to intervene in the Home Savings case.

motion for a temporary restraining order prohibiting KPERS from commencing any separate suit against Boatmen's. On October 26, 1994, District Judge Bartlett recused himself from consideration of Boatmen's application to intervene. *Kansas Pub. Employees Retirement Sys. v. Reimer & Koger Associates, Inc.*, No. 92–0922–CV–W–9 (W.D.Mo. Oct. 26, 1994). The motions were reassigned. On December 12, 1994, while the application to intervene was pending, Boatmen's filed a verified complaint for declaratory and injunctive relief and a separate motion for a temporary restraining order and preliminary injunction. On December 16, 1995, the district court heard argument of counsel and orally granted the motion for the temporary restraining order and a preliminary injunction, stating:

> The Court finds that plaintiff has met their [sic] burden under the requirements of the TRO, the temporary restraining order. Now, I have heard enough to grant a temporary injunction in this case. Plaintiff must file a bond of $10,000. It is fair and ordered. Thank you. Interesting points, gentlemen. I am of the opinion that it is in this Court, it's in the federal court, we are going to keep it here and I think it's just as efficient to go into a declaratory judgment.

■ The same day, the district court entered a written order granting the preliminary injunction on the basis of the first-filed rule,[3] enjoining KPERS "from commencing any suit or action against Boatmen's, in any

other court, for any claims relating to Boatmen's role as a trustee" for the debentures. Slip op. at 1 (Dec. 16, 1994). The district court stated its reasons for the entry of the order: "After considering the brief submitted by Boatmen's, together with the arguments presented at said hearing, and pursuant to *Norwest* [sic] *Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1004 (8th Cir.1993), the Court grants Boatmen's motion." *Id.*

■ KPERS appealed, arguing that this court lacks both federal question and diversity jurisdiction.[4] KPERS also argues that the district court erred in ordering injunctive relief under the first-filed rule and, particularly, in doing so without setting forth findings of fact or conclusions of law.

■ Rule 52(a) requires that, "in granting or refusing interlocutory injunctions the court shall . . . set forth the findings of fact and conclusions of law which constitute the grounds of its action." The purpose of the rule is threefold: (1) to facilitate appellate review; (2) to make the district court's decision definite for purposes of res judicata; and (3) to prompt the district court "to fully and conscientiously consider the basis for [the] decision." *Finney v. Arkansas Bd. of Correction*, 505 F.2d 194, 212 n. 15 (8th Cir. 1974). We are satisfied that neither the district court's written order nor the district judge's statements on the record at the hearing meets the requirements of Rule 52(a) or fulfills its purposes.[5]

---

On December 29, 1994, the district court granted leave to intervene to Shook, Hardy & Bacon, but denied leave to Blackwell, Sanders, Matheny, Weary & Lombardi. Blackwell, Sanders appealed from that order. Their appeal is currently pending before this court. *Reimer & Koger*, No. 94–3063.

3. The first-filed rule provides that, in a case of concurrent jurisdiction, "the first court in which jurisdiction attaches has priority to consider the case." *Orthmann v. Apple River Campground, Inc.*, 765 F.2d 119, 121 (8th Cir.1985).

4. KPERS did not raise this issue in the district court, and, in that court, KPERS counsel made statements that seemed to recognize the existence of diversity jurisdiction. However, subject matter jurisdiction is not waived if not raised in the trial court, as we are empowered and required to consider the issue sua sponte if need

be. *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990).

5. Although KPERS did not move the district court to issue formal findings of fact and conclusions of law, "the burden should not be upon [KPERS] to request specific findings when it is incumbent upon the court to make the findings in each individual case." *Finney*, 505 F.2d at 212. Appellate review absent specific findings and conclusions from the district court may proceed only when: "(1) the record itself sufficiently informs the court of the basis for the trial court's decision on the material issues, or (2) the contentions raised on appeal do not turn on findings of fact." *Id.* at n. 16. This case presents neither circumstance.

■ The order is not saved by its reference to *Northwest Airlines,* 989 F.2d 1002. In that case, we held that cases based on the first-filed rule are not subject to the standards of *Dataphase Systems, Inc. v. C.L. Systems, Inc.,* 640 F.2d 109, 113 (8th Cir. 1981) (en banc),[6]

> since the question has nothing to do with the merits of the underlying controversy and is simply whether, as between two courts both having jurisdiction over the parties and the subject matter of the dispute, the court in which jurisdiction first attached should proceed to adjudicate the controversy and should restrain the parties from proceeding with the later-filed action.

*Northwest Airlines,* 989 F.2d at 1004. Rather, we held that "the first-filed rule is not intended to be rigid, mechanical or inflexible, but is to be applied in a manner best serving the interests of justice. The prevailing standard is that in the absence of compelling circumstances, the first-filed rule should apply." *Id.* at 1005 (citations and internal quotation marks omitted). This makes evident that the district court must consider the factual circumstances in each case before applying this rule.

In *Northwest Airlines,* both this court and the district court considered whether the suit was anticipatory or filed in bad faith or in a race to the courthouse. *Id.* at 1006–07; *Northwest Airlines, Inc. v. American Airlines, Inc.,* 792 F.Supp. 655, 658–59 (D.Minn. 1992), *aff'd,* 989 F.2d 1002 (8th Cir.1993). Before affirming the district court's application of the first-filed rule, we analyzed two "red flags" signalling potentially compelling circumstances: first, that the "first" suit was filed after the other party gave notice of its intention to sue; and, second, that the action was for declaratory judgment rather than for damages or equitable relief. *Northwest Airlines,* 989 F.2d at 1007. After fully considering these two circumstances and the district court's analysis of them, as well as the entire factual pattern in the case, we held that the district court's application of the first-filed rule was supported by "[t]he spectre of duplicative efforts and costs and of inconvenience to the parties, together with the waste of judicial resources inherent in parallel litigation." *Id.* This analysis demonstrates the factual nature of the issues that must be considered in cases such as this. The orders before us simply do not demonstrate the factfinding and analysis necessary for appropriate review of the issues raised.[7]

KPERS argues for the first time in its appellate brief and in argument before us that we lack jurisdiction and that Eleventh Amendment immunity applies to these claims.[8] The district court obviously has had no opportunity to consider these issues, and, because of the factual issues that may underlie such considerations, we remand to the district court for further consideration of the issues relating to jurisdiction and the Eleventh Amendment and, as discussed above, for analysis of the factual and legal issues which the court concluded justified injunctive relief. The district court may possess a sufficient

---

6. In *Dataphase,* we held that "[w]hether a preliminary injunction should issue involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." 640 F.2d at 113.

7. We commend the district court's order in *Northwest Airlines,* 792 F.Supp. 655, as an excellent example of the type of inquiry, analysis, and articulation of reasoning necessary for appellate review in cases such as this.

8. KPERS argues that it is an "instrumentality of the state of Kansas" and, therefore, is not a "citizen" of Kansas for the purposes of 28 U.S.C. § 1332 (1988), and is protected by Eleventh Amendment immunity. U.S. Const. amend. XI. *See generally Hess v. Port Auth. Trans–Hudson Corp.,* —— U.S. ——, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994) (holding that a bistate railway was not protected under the Eleventh Amendment); *Thomas v. FAG Bearings Corp.,* 50 F.3d 502 (8th Cir.1995) (holding that Eleventh Amendment immunity prohibited coercive joinder of the Missouri Department of Natural Resources).

record to engage in the necessary inquiry or, if it deems appropriate, may conduct additional evidentiary hearings. The district court should then enter an order containing findings of fact and conclusions of law that demonstrate the basis for its decision.

We retain jurisdiction of this appeal and, upon entry of the order by the district court, will expedite any further proceedings.