# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-1816

_____

| | | |
|---|---|---|
| Anheuser-Busch, Incorporated, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Supreme International Corporation, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: November 18, 1998
Filed: January 28, 1999

_____

Before RICHARD S. ARNOLD, FAGG, and HALL,[1] Circuit Judges.

_____

HALL, Circuit Judge.

Anheuser-Busch, Inc. ("Anheuser") appeals the district court's[2] order dismissing Anheuser's declaratory judgment action against Supreme International Corp.

_____

[1] The Honorable Cynthia Holcomb Hall, United States Circuit Judge for the Ninth Circuit, sitting by designation.

[2] The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

("Supreme") after refusing to apply the first-filed rule. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## I.     FACTS

In January 1996, Anheuser began a national advertising campaign for Bud Ice beer that used a penguin in its design. In September 1996, Supreme acquired rights in penguin trademarks held by Munsingwear, Inc., which had been using penguin designs on golf and apparel since 1954. Beginning in October 1996, Supreme began discussing with Anheuser the possibility of selling clothing to Anheuser in connection with the Bud Ice advertising campaign. In November 1996, a representative of Supreme met in St. Louis, Missouri, with representatives of Anheuser. During this meeting, Supreme objected to Anheuser's use of a penguin design on Bud Ice apparel. Later that month, Supreme and Anheuser discussed Anheuser's use of the penguin design as a possible infringement of Supreme's penguin trademark.

On December 11, 1996, Supreme sent a letter to Anheuser demanding that Anheuser stop all use of the penguin design in its Bud Ice campaign. The letter stated that, unless Anheuser were to respond within five days, Supreme had authorized its attorneys to take legal action. On December 19, 1996, Anheuser filed a declaratory judgment action in the Eastern District of Missouri (the "Missouri action"), seeking a declaration that Anheuser's use of the penguin in the Bud Ice campaign was neither infringing nor diluting Supreme's rights in the penguin trademarks. On December 24, 1996, Supreme filed its own action in the Southern District of Florida (the "Florida action"), claiming trademark infringement, unfair competition, and deceptive business practices.

Anheuser filed a motion to dismiss or stay the Florida action, and the Florida court granted the motion, staying the Florida action pending the Missouri court's

decision to apply the first-filed rule.[3]  See Supreme Int'l Corp. v. Anheuser-Busch, Inc., 972 F. Supp. 604 (S.D. Fla. 1997).  Supreme then filed a motion to dismiss, stay, or transfer the Missouri action.  The Missouri court granted Supreme's motion, dismissing the Missouri action under the compelling circumstances exception to the first-filed rule. Anheuser appealed.  The Florida action has since resumed, with Anheuser having answered Supreme's complaint, and both parties having served discovery requests.

## II.    DISCUSSION

We will reverse the district court's refusal to apply the first-filed rule only if the district court abused its discretion.  See Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993).  The district court did not abuse its discretion.

The district court identified the two red flags that indicate the presence of compelling circumstances.  First, the district court noted that Anheuser was on notice that Supreme was going to file suit.  See id. at 1007.  Supreme's letter to Anheuser gave Anheuser five days to respond to avoid a law suit.  Instead of responding to the letter, Anheuser filed the Missouri action.  Second, the district court noted that Anheuser's action was for a declaratory judgment.  See id.

In addition to finding both red flags, the district court found the presence of other Northwest factors.  Less than two weeks passed from the time Supreme sent its cease and desist letter to Anheuser to the time Supreme filed the Florida action.  This short

---

[3]"The well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" United States Fire Ins. Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir. 1990) (quoting Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir. 1985)).

period of time suggests that Anheuser raced to the courthouse to usurp Supreme's forum choice. See BASF Corp. v. Symington, 50 F.3d 555, 557-58 (8th Cir. 1995). In addition, the district court found that Anheuser had not alleged any adverse effect on the Bud Ice campaign by Supreme's trademark infringement claim. See Northwest, 989 F.2d at 1007 (adverse affect found where first-filing party claimed that second-filing party's suit chilled recruiting and hiring efforts). Although it may be true that Anheuser has a lot at stake in its Bud Ice campaign, there is nothing in the record to suggest that Anheuser has even slowed down the campaign or that the campaign has been harmed in any way. Finally, we find that the interests of justice are best served by allowing the case to proceed in Florida. See id. at 1005; see also BASF Corp., 50 F.3d at 557-58. Discovery in the Florida action is scheduled to be completed early this year, and a trial on the merits is scheduled to begin in June 1999.

## III. CONCLUSION

Based on the foregoing, we affirm the district court's order granting Supreme's motion to dismiss.

AFFIRMED.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.