**TOUCHSTONE RESEARCH LABORATORY, LTD.,**
Plaintiff,

v.

**ANCHOR EQUIPMENT SALES, INC.**
d/b/a Anchor Autoclaves Systems,
Defendant.

**No. CIV.A. 5:02CV154.**

United States District Court,
N.D. West Virginia.

June 4, 2003.

---

**3.** The claim for loss of consortium filed by plaintiff Charlotte Gaus is a derivative claim, and must be dismissed, as well.

James F. Companion, Schrader, Byrd & Companion, PLLC, Wheeling, WV, for Plaintiff.

W. Gus Saines, McDermott & Bonenberger, PLLC, Wheeling, WV, Eric Yollick, Yollick Law Firm, PC, The Woodlands, TX, for Defendant.

### *MEMORANDUM OPINION AND ORDER DENYING MOTION FOR INJUNCTION, DENYING AS MOOT RENEWED MOTION FOR INJUNCTION AND DENYING MOTION TO DISMISS OR TRANSFER*

STAMP, District Judge.

#### I. *Procedural History*

On November 27, 2002, plaintiff, Touchstone Research Laboratory, Ltd., a West Virginia corporation (hereinafter "Touchstone"), by counsel, filed this action with this Court. On that same date, plaintiff filed a "Motion for Injunction of Defendant's Anticipatory Lawsuit" in federal court in Texas. In its eleven-count complaint, plaintiff seeks damages incurred as a result of its purchase from defendant of an allegedly defective autoclave. Plaintiff asks this Court to enjoin the suit now pending in the United States District Court for the Southern District of Texas since it was filed merely to preempt the present action.

Before defendant entered an appearance in this Court, plaintiff filed an amended complaint with the only significant change being the re-naming of the defendant as "Anchor Equipment Sales, Inc. d/b/a Anchor Autoclave Systems" (hereinafter "Anchor"). In the amended complaint, plaintiff alleges breach of contract, intentional interference with existing or prospective contractual relations, negligent interference with existing or prospective contractual relations, unjust enrichment, negligence, product liability, breach of warranty of merchantability, breach of warranty of fitness for a particular purpose, breach of express warranty, fraud/intentional misrepresentation, and negligent misrepresentation. Plaintiff requests compensatory damages in the amount of $250,000.00, together with punitive damages, post-judgment interest, costs, and other equitable relief as this Court may deem proper.

 Defendant answered the amended complaint on March 10, 2003 and filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), or to dismiss and transfer pursuant to Rule 12(b)(3). On March 12, 2003, plaintiff filed a renewed motion for injunction of the alleged anticipatory lawsuit. On that same date, defendant responded to plaintiff's motion for injunction. This Court finds that it was not necessary to file the renewed motion for injunction, and that renewed motion is hereby DENIED AS MOOT.

This Court finds that, although it appears that the suit filed in Texas may have been anticipatory, it should defer such a finding to the Texas court. Accordingly, the Court declines to enjoin the Texas proceeding. Additionally, this Court finds that, because defendant's suit filed in Texas may have been anticipatory, and because there are sufficient minimum contacts with this jurisdiction, defendant's motion to dismiss or transfer must be DENIED.

## II. *Facts*

The facts of this case are particularly relevant to determining whether or not defendant's suit filed in Texas was, in fact, an anticipatory lawsuit. The complaint alleges that the parties entered into preliminary discussions in the summer of 2001 regarding Touchstone's potential purchase of an autoclave from Anchor for use in Touchstone's laboratory applications. Plaintiff alleges that it "informed Anchor that it required an autoclave which could be used in high-pressure, high-temperature applications and could be completely installed by Anchor for simple 'turnkey' operation by Touchstone." Am. Compl. at ¶ 8. Plaintiff contends that Anchor assured it its autoclave met these specifications. Touchstone ultimately purchased the autoclave from Anchor on October 31, 2001. Anchor provided a warranty on the autoclave for one year from date of delivery which covered repair or replacement of parts found defective in materials or workmanship. Touchstone paid $384,000.00 for the autoclave which was delivered on June 10, 2002. Plaintiff claims that since that time, the autoclave has been "riddled with material defects and deficiencies rendering the equipment unusable." Am. Compl. at ¶ 17. Plaintiff alleges such defects have caused "violent breakdowns and explosions endangering Touchstone's employees and property." Am. Compl. at ¶ 18. Plaintiff states that defendant has refused to repair or replace the defects in the autoclave without justification and, as a result, Touchstone has been unable to perform under existing contracts and unable to solicit new contracts.

On October 8, 2002, Touchstone, by counsel, sent a letter to Anchor requesting that it provide adequate assurances that "all deficiencies in the autoclave will be remedied within thirty days from the date of this letter." Pl.'s Mot. Ex. A at 2. Touchstone informed Anchor in that letter that if such assurances were not provided in thirty days, it would "immediately proceed to file a lawsuit seeking all damages, declaratory and/or equitable relief to which Touchstone is entitled as a result of Anchor's complete and utter failure to date to comply with the requirements of its contract with Touchstone." Ex. A at pp. 2–3. In response to the letter, Anchor sent an engineer to the Touchstone facility and discussions ensued between the two companies. On November 13, 2002, Touchstone was served with a complaint filed by Anchor against it in the state court of Harris County, Texas. Anchor filed that suit on October 11, 2002 seeking declaratory relief to relieve itself from the duties owed under its contract with Touchstone. Anchor also asserts claims for breach of contract and fraud in its Texas suit. Plaintiff states it then removed the case to the United States District Court for the Southern District of Texas, Houston Division.

## III. *Applicable Law*

### A. *Motion for Injunction*

■ "The well-established rule is that in cases of [federal] concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" *Northwest Airlines, Inc. v. American Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir.1993) (quoting *Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir.1985)). This is not a rigid rule, however, and should be applied "'in the absence of compelling circumstances.'" *Id.* (quoting *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Haydu*, 675 F.2d 1169, 1174 (11th Cir.1982)). Bad faith and forum shopping are sufficient reasons to depart from the first-filed rule, and the rule may also be rejected "when the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum."

*Equal Employment Opportunity Comm'n v. Univ. of Pa.*, 850 F.2d 969, 976 (3d Cir.1988) (citations omitted). "The letter and spirit of the first-filed rule, therefore, are grounded on equitable principles." *Id.* at 977 (citations omitted). The Fourth Circuit has stated that the first filed case should have priority absent a showing of a balance of convenience in favor of the second filed action. *See Learning Network, Inc. v. Discovery Communications, Inc.*, 11 Fed.Appx. 297, 300 (4th Cir.2001).

### B. *Motion to Dismiss or Transfer*

■ In actions founded on diversity of citizenship, venue is proper as to a corporate defendant "in a judicial district where any defendant resides." 28 U.S.C. § 1391(c). A court has personal jurisdiction over a defendant in accordance with the long-arm statute of the forum state. *See* Fed.R.Civ.P. 4(e). In West Virginia, the long-arm statute extends the full reach permitted by due process. *See* W. Va. Code § 56–3–33. To establish personal jurisdiction, a defendant's contacts with the forum state must be "such that [he or she] should reasonably anticipate being haled into court" there. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

### IV. *Discussion*

### A. *Motion for Injunction*

Plaintiff argues that the timing of the filing of Anchor's complaint in Texas, the fact that Anchor seeks mainly declaratory relief, and the fact that Anchor's complaint was filed in bad faith demonstrates that this was an anticipatory lawsuit filed merely to preempt the suit Touchstone was to file in this Court.

■ Defendant argues, first, that it was not served with plaintiff's original motion and objects to this Court considering the motion. Defendant points out that plaintiff seeks to enjoin Anchor Autoclaves International, L.L.C. As stated above, plaintiff originally named Anchor Autoclaves International, L.L.C. as defendant in this action. Plaintiff then filed an amended complaint, however, naming Anchor Equipment Sales, Inc. as defendant. Plaintiff then filed a renewed motion for injunction. This Court finds that Anchor Equipment has received proper notice of this suit and of the motion for injunction and that defendant has not been prejudiced by any delay in naming the correct entity as defendant.[1]

■ Defendant also contends that this is not the proper court to decide the injunction issue, but that this Court should defer to the Texas court, where the first suit was filed, to decide the issue.

■ The Eighth Circuit has identified "two red flags that indicate the presence of compelling circumstances" that would justify a departure from the first-filed rule. *Anheuser–Busch, Inc. v. Supreme Int'l Corp.*, 167 F.3d 417, 419 (8th Cir.1999). These factors include the fact that the first-filing party was on notice that the opposing party was going to file suit and the fact that the first-filed suit seeks declaratory relief. *See id.* The timing of the first-filed suit is also a factor to be considered when determining whether the first-filing party raced to the courthouse to preempt an imminent lawsuit by the proper plaintiff. *See id.*

First, this Court has no doubt that the two suits involved are parallel. Although this Court would normally adhere to the

1. In fact, plaintiff stipulated on February 10, 2003 that defendant may have additional time to answer the amended complaint.

first-filed rule in such a situation, plaintiff asks the Court to find that the facts of this case constitute "compelling circumstances" so as to warrant a departure from the rule. *See Merrill Lynch*, 675 F.2d at 1174.

Touchstone informed Anchor, in its letter demanding adequate assurances,

> [i]n the event that Anchor Autoclave does not immediately provide such adequate assurance that all failures will be remedied within thirty days, Touchstone may pursue all legal and equitable remedies, including seeking from Anchor Autoclave all legal damages to which it is entitled as a result of Anchor Autoclave's breaches . . . .

Pl.'s Mot. Ex. A at 2. Further, Touchstone warned that if it did not receive adequate assurances from Anchor, "we will immediately proceed to file a lawsuit . . . ." *Id.* at 2–3. This letter was written on October 8, 2002. What Touchstone believed were good-faith negotiations then ensued. However, unbeknownst to Touchstone, Anchor filed suit in Texas on October 11, 2002, only three days after Touchstone's letter was written. It was not until November 13, 2002 that Touchstone was actually served with Anchor's complaint.

First, Touchstone's letter put Anchor on notice that Touchstone was planning to file suit. The letter gave Anchor twenty-four hours to respond with adequate assurances and thirty days to comply with the terms of the contract to avoid a lawsuit. Second, the timing of Anchor's suit is significant. Touchstone's letter is dated October 8, 2002, and Anchor filed suit in Texas on October 11, 2002, only three days later. As the Eighth Circuit noted in *Anheuser–Busch*, "[t]his short period of time suggests that [Anchor] raced to the courthouse to usurp [Touchstone's] forum

choice." 167 F.3d at 419. Third, Anchor's suit seeks mainly declaratory relief from the Texas court. Although Anchor alleges a breach of contract claim and a claim for fraud, it only vaguely mentions that it is entitled to damages that it has suffered without identifying what damages have been caused by these allegations. This Court believes that Anchor essentially seeks a ruling from the Texas court that its autoclave meets the specifications called for in the parties' contract and that Anchor has fulfilled its obligations under the contract.

■ These factors suggest to this Court that Anchor has filed an anticipatory lawsuit in Texas, which suit was filed merely to preempt a suit by the proper plaintiff in this case, Touchstone.[2] However, despite the fact that the circumstances indicated above could indicate bad faith on the part of defendant, this Court finds that it should defer to the Texas court to make such a finding. "[I]t is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies." *Citigroup Inc. v. City Holding Co.*, 97 F.Supp.2d 549, 557 n. 4 (S.D.N.Y.2000) (citations omitted). " 'Absent such a rule, there exists the possibility of inconsistent rulings on discretionary matters as well as duplication of judicial effort.' " *Id.* (quoting *Donaldson, Lufkin & Jenrette, Inc. v. Los Angeles County*, 542 F.Supp. 1317, 1320 (S.D.N.Y. 1982)). Because the first suit was filed in Texas, this Court defers to that court to decide the issue of whether or not that case constitutes an improper anticipatory lawsuit that should be enjoined. Accordingly, plaintiff's motion to enjoin the Texas proceedings is DENIED.

---

**2.** In addition, this Court finds that either jurisdiction would be inconvenient to at least one party, thus the balance of convenience is offset. However, as noted below, this Court does find that defendant has sufficient contacts with this forum so that it should expect it could be sued here.

### B. *Motion to Dismiss*

Defendant moves this Court to dismiss this suit or to transfer it to the United States District Court for the Southern District of Texas, Houston Division, to which defendant's suit was removed by plaintiff. Defendant argues that it lacks sufficient minimum contacts with this forum to establish personal jurisdiction. This Court disagrees.

First, the autoclave at issue is located in this jurisdiction. Defendant installed the autoclave in this jurisdiction and agreed to train plaintiff's employees, located in this jurisdiction, in the use and operation of the autoclave. When the autoclave allegedly became defective, one of defendant's engineers came to this jurisdiction to test the autoclave and cure the defects. Defendant not only knew that its product would be shipped to West Virginia and installed here, it specifically contracted to do so and even contracted to travel to West Virginia and train plaintiff's employees in the use and operation of its product. Given these circumstances, this Court is satisfied that defendant has sufficient minimum contacts with this forum so that it could expect to be haled into court here.

Additionally, because the circumstances of the procedural posture of this case suggest that defendant's first-filed suit may have been anticipatory, it would not be proper to dismiss this case, lest plaintiff should be punished "for its efforts to settle this matter out of court" prior to filing suit. *See Johnson Bros. Corp. v. Int'l Bhd. of Painters,* 861 F.Supp. 28, 29–30 (M.D.La.1994). Accordingly, defendant's motion to dismiss or transfer this case is DENIED.

### V. *Conclusion*

For the reasons stated above, plaintiff's motion for injunction is hereby DENIED. Plaintiff's renewed motion for injunction is hereby DENIED AS MOOT. Finally, defendant's motion to dismiss or transfer is hereby DENIED. Because this Court defers to the Texas district court to decide the issue of whether an exception to the first-filed rule applies, should plaintiff decide to raise the issue with that court, any discovery in this case is hereby STAYED pending a ruling by the Texas district court on the issue.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record herein.