**WILLISTON BASIN INTERSTATE PIPELINE COMPANY,**
Plaintiff,

v.

**SHEEHAN PIPE LINE CONSTRUCTION COMPANY, Defendant.**

**No. A1–04–009.**

United States District Court,
D. North Dakota,
Southwestern Division.

May 5, 2004.

---

James S. Hill, Daniel S. Kuntz, Zuger Kirmis & Smith, Bismarck, ND, for plaintiff/counter-defendant.

Paul F. Ebeltoft, Jr., Timothy A. Priebe, Mackoff, Kellogg, Kirby & Kloster PC, Dickinson, ND, for defendant/counter-claimant.

## ORDER

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Stay in Deference to First–Filed Action or Transfer. For the reasons set forth below, Court will stay any decision in this matter and will hold the motion in abeyance pending a ruling by the federal district court in Oklahoma.

## I. *FACTUAL BACKGROUND*

This action arises out of a dispute as to how much the Defendant should be compensated for constructing the Grasslands Pipeline—a 250–mile pipeline running from northeastern Wyoming to southwestern North Dakota. The plaintiff, the Williston Basin Interstate Pipeline Company (Williston Basin), is a Delaware corporation that is principally located in Bismarck, North Dakota. The defendant, Sheehan Pipe Line Construction Company (Sheehan), is an Oklahoma partnership engaged in the business of pipeline construction.

In November 2001, Williston Basin sought authorization from the Federal Energy Regulatory Commission (FERC), to construct, operate, and maintain the Grasslands Pipeline. In anticipation of receiving such authorization, Williston Basin contacted twelve contractors via letter in October 2002 to inform them of the planned construction of the pipeline.

Sheehan was the contractor ultimately selected by Williston Basin to construct the Grasslands Pipeline. On May 29, 2002, the parties executed a Contract Agreement and a Memorandum of Understanding. The Contract Agreement provided the following with respect to the commencement and completion of construction:

The Contractor shall begin the work of constructing said Project within two weeks after the date of written notice

from the Company to proceed under the contract and shall perform the work with due diligence and complete same within a total of 100 calendar days after the date of written notice, provided that the Contractor shall not be liable to the Company for any delay in completion of the construction which cannot be reasonably anticipated and protected against by the Contractor, and in the event of any such delay for such causes, then the period of completion above designated shall automatically be extended for a period equal to the duration of the delay.

\*     \*     \*     \*     \*     \*

The construction of the Project is contingent upon the Federal Energy Regulatory Commission's issuing Williston Basin a Certificate of Public Convenience and Necessity authorizing Company to construct and operate the facilities covered by this contract.

The Contract Agreement also provided the following with respect to the parties choice of laws:

This contract shall be interpreted under the laws of the State in which the construction of the pipeline occurs, notwithstanding the place of execution of this contract.

The Memorandum of Understanding provided an option selected by Williston Basin that the total price for Sheehan's performance under the contract would not exceed $25,265,000.

On July 23, 2003, Williston Basin notified Sheehan that it could proceed with mobilization and preparatory work on the first segment of the pipeline. Shortly after commencing construction, Sheehan requested that the parties meet to discuss compensation to offset additional costs it had incurred. Thereafter, the parties met on numerous occasions but were unable to reach an agreement as to what, if any, additional compensation Sheenan was entitled to. In the meantime, Sheehan finished construction of the pipeline.

In mid-December 2003, Sheehan served Williston Basin with notice it was claiming a $5,248,133.54 pipeline construction lien pursuant to the provisions of Chapter 34–24 of the North Dakota Century Code for labor, material, and services it had performed and furnished on the entire pipeline between August 22–December 15, 2003. The lien was filed in North Dakota and recorded in Golden Valley, Billlings, Stark, and Dunn Counties.

On December 23, 2003, Sheehan filed a breach of contract action against Williston Basin in federal district court in Tulsa, Oklahoma, but did not serve Williston Basin with the summons and complaint until January 26, 2004. According to Sheehan, it encountered construction costs not originally contemplated in the parties' agreement on account of Williston Basin's failure to timely supply appropriate government approvals.

On January 14, 2004, Williston Basin initiated an action in state court in North Dakota to declare Sheehan's construction pipeline lien invalid. Sheehan removed the action to this Court on February 5, 2004, on the basis of diversity of citizenship and an amount in controversy exceeding $75,000.

On February 17, 2004, Williston Basin filed a motion in the Oklahoma federal district court case seeking either a dismissal of the case or a transfer of the case to North Dakota. On March 10, 2004, Sheehan filed a response in opposition to Williston Basin's motion. On March 29, 2004, Williston Basin filed a reply in support of its motion. The Oklahoma federal district court has yet to rule on the motion.

On April 2, 2004, Sheehan filed a motion in this Court requesting a stay of the above-entitled action pending final disposi-

tion of the Oklahoma case or, in the alternative, an order transferring the above-entitled action to Oklahoma. Sheehan's motion is premised primarily upon the "first to file rule." On April 16, 2004, Williston Basin filed a response in opposition to Sheehan's motion.

## II. *LEGAL ANALYSIS*

■ The "first to file" rule of judicial economy and comity provides that in cases of concurrent jurisdiction the first court in which jurisdiction attaches has priority to consider the case. *See Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121 (8th Cir.1985); *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1005 (8th Cir.1993) (stating that, absent compelling circumstances, the first-filed action should take precedence). The purpose of this rule is to promote the efficient use of judicial resources. *Orthmann v. Apple River Campground, Inc.,* 765 F.2d 119, 121.

Sheehan contends this Court should honor the "first to file" rule and enter an order staying the above-entitled action in deference to the action pending in federal district court in Oklahoma. Sheehan dismisses the notion that compelling circumstances exist to warrant deviation from the rule as the parties' respective claims emanate from the same conduct and the legal and factual issues to be analyzed and discovered are the same in both venues. In the event this Court is disinclined to grant a stay, Sheehan contends the Court should, in the interests of justice, enter an order transferring the above-entitled case to Oklahoma.

Williston Basin opposes a stay of this action and suggests this action should take precedence over the Oklahoma case. Williston Basin contends that it perfected service in the North Dakota action before Sheehan had perfected service in the Oklahoma action. Williston Basin argues that

service, rather than the filing of the action, establishes priority under the "first to file" rule. Finally, Williston Basin contends that "Sheehan's ploy of filing three days after it finished construction of the pipeline but not serving its Oklahoma litigation while it pretended to negotiate with Williston Basin is indicia of bad faith negotiation and constitutes a compelling circumstance for avoiding the [first to file] rule." *See* Plaintiff's Response to Defendant's Motion to Stay or Transfer, p. 9. (Docket No. 8).

Most courts consider the filing of an action to be the event that determines priority under the "first to file" rule. *See Hospah Coal Co. v. Chaco Energy Co.,* 673 F.2d 1161, 1163 (10th Cir.1982); *Slidell, Inc. v. Archer Daniels Midland Co.,* No. Civ. 02–4841, 2003 WL 22050776 (D.Minn. Sept. 2, 2003). The Eighth Circuit has yet to directly address this issue. However, when discussing the "first to file" rule, it has referenced the date of filing as opposed to the date of service. *See Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1003 (8th Cir.1993); *Anheuser–Busch, Inc. v. Supreme Int'l Corp.,* 167 F.3d 417 (8th Cir.1999).

■ Based on the date of filing, the Oklahoma federal action would take priority even though the summons and complaint were served first in North Dakota. Nevertheless, this does not end the Court's inquiry as the "first to file" rule "yields to the interests of justice and will not be applied where a court finds compelling circumstances supporting its abrogation." *Northwest Airlines, Inc. v. American Airlines, Inc.,* 989 F.2d 1002, 1006 (8th Cir. 1993).

The Court is mindful of the fact that Williston Basin has filed a motion requesting the Oklahoma federal district court to dismiss the Oklahoma case for want of jurisdiction or, in the alternative, to trans-

fer the case to North Dakota. Under the circumstances, the Court believes the prudent course of action is to wait until the federal district court in Oklahoma issues a ruling on Williston Basin's motion to dismiss/transfer. Accordingly, the Court will stay any decision and hold Sheehan's motion in abeyance pending a ruling from the Oklahoma federal district court. These two cases should not continue on parallel tracks in two different federal district courts. The "first to file" rule gives the federal district court in Oklahoma the right to decide whether the case should be heard in Oklahoma. Once the Oklahoma federal district court has disposed of Williston Basin's motion, the Court will, if necessary, address the merits of Sheehan's motion. The parties are to provide this Court with notice of the Oklahoma federal district court's ruling on Williston Basin's pending motion along with a copy of the order.

**IT IS SO ORDERED.**