21 F.Supp.2d 1060 (1998)
EVEREADY BATTERY COMPANY, INC., Plaintiff,
v.
ZINC PRODUCTS COMPANY, Division of Alltrista Corp., Defendant.
No. 4:98CV514 RWS.
United States District Court, E.D. Missouri, Eastern Division.
August 6, 1998.
Allen S. Boston, David L. Coffman, Associate, Paul J. Schulte, Lewis and Rice, St. Louis, MO, for Eveready Battery Company, Inc., Plaintiff.
Robert A. Useted, Partner, Robert F. Murray, Kohn and Shands, St. Louis, MO, Philip A. Whistler, Lisa Erb Harrison, Ice and Miller Indianapolis, IN, for Zinc Products Company, division of Alltrista Corporation, Defendant.

*1061 ORDER

SIPPEL, District Judge.
This matter is before the Court on defendant's Motion to Dismiss or Transfer [# 8]. Transfer of this declaratory judgment action to the United States District Court for the Eastern District of Tennessee is appropriate. Therefore, defendant's Motion to Dismiss or Transfer is granted in part and denied in part.

I. Facts
Plaintiff Eveready Battery Company, Inc. ("Eveready") filed this action for declaratory judgment on March 25, 1998. Eveready seeks a declaratory judgment that it did not breach a requirements contract between it and defendant Zinc Products Company ("Zinc"). Defendant Zinc was not served with the Complaint until April 15, 1998.
Zinc filed its own action regarding the requirements contract in the United States District Court for the Eastern District of Tennessee. That suit was filed on April 8, 1998.
The circumstances leading up to the filing of the two lawsuits are important to the Court's determination of the proper forum for this action.
As stated above, both actions arise out of a requirements contract between Eveready and Zinc under which Zinc was to provide all of Eveready's requirements for zinc battery cans used in its United States manufacturing facilities. Zinc asserts that the contract required twenty-four months notice of termination of the contract.
On June 3, 1997, Eveready notified Zinc that by late 1997, it was discontinuing manufacture of zinc batteries in the United States and would no longer require the battery cans manufactured by Zinc. Zinc sent a letter to Eveready pointing out the twenty-four month notice provision in the contract. In response, Eveready requested Zinc to quantify its expected financial losses if Eveready discontinued all purchases at the end of 1997.
A series of meetings and conversations took place thereafter during which Eveready requested Zinc to quantify and support its damage calculations. Zinc provided the additional information to Eveready.
Eveready eventually proposed a formula for calculating settlement of Zinc's projected losses but did not provide actual figures for the calculation. In order to use Eveready's proposed formula Zinc was required to provide additional cost and profit margin data.
The parties entered into a confidentiality agreement so that Zinc could provide the requested cost and profit margin information. Zinc provided that cost and profit margin information to Eveready on February 4, 1998. Zinc requested a response by February 20, 1998. At Eveready's request the response date was ultimately extended to March 31, 1998. Eveready sent its settlement offer to Zinc on March 30, 1998.
Five days before making its March 30, 1998 offer however, Eveready filed this lawsuit in the United States District Court for the Eastern District of Missouri. Notably, Eveready did not arrange for service of this lawsuit on Zinc until after Zinc refused Eveready's settlement offer.
Zinc refused Eveready's settlement offer and filed its own suit on the requirements contract on April 8, 1998. Upon notice of Zinc's action in Tennessee, Eveready quickly arranged for service of its Missouri action upon Zinc by special process server. The Eveready suit was served upon Zinc on April 15, 1998.

II. Discussion
The question before the Court is whether it should retain jurisdiction over this case because it was filed before Zinc's lawsuit in the Eastern District of Tennessee, or transfer the case to the Eastern District of Tennessee because compelling circumstances call for such action. The interests of justice would not be served by retaining jurisdiction over this controversy in this Court. Therefore, the case will be transferred to the United States District Court for the Eastern District of Tennessee.
It is well established that in situations such as this, where concurrent jurisdiction exists, the first court in which jurisdiction attaches has priority to consider the case. United States Fire Insurance Co. v. Goodyear Tire & Rubber Co., 920 F.2d 487, 488 (8th Cir.1990). Thus, the Court where *1062 the action was first filed has priority. Id. This "first filed" rule should not be applied rigidly however. Id. An exception should be made, when compelling circumstances reveal that the action should be maintained in the jurisdiction where the second action was filed. Id. at 488-89.
Compelling circumstances not to enforce the "first filed" rule exist where the plaintiff in the first-filed action was able to file first only because it misled the filer of the second-filed action as to its intentions regarding filing a law suit in order to gain the advantages of filing first. U.S. Fire Ins. Co., 920 F.2d 487, 488-89 (8th Cir.1990).
As a matter of public policy, potential plaintiffs should be encouraged to settle their claims out of court without fear that they will lose the opportunity to pick their forum should the negotiations fail. Boatmen's First National Bank of Kansas City v. Kansas Public Employees Retirement System, 915 F.Supp. 131, 144 (W.D.Mo.1996). The Court should encourage good faith settlement negotiations rather than rushing to the courthouse, and "[a]pplication of the first-filed rule should not penalize parties for their efforts to settle matters out of court." Id. Evidence of insufficient notice of a change in the first-filing party's position on the dispute prior to filing of the first action is indicative of a rush to the court house and thus, compelling circumstances warranting non-application of the "first filed" rule. Id.
The Eighth Circuit has held also that a "red flag" regarding the existence of compelling circumstances exists when the first-filed action is one for declaratory judgment. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1007 (8th Cir. 1993). This is because a declaratory judgment may be more indicative of a preemptive strike than a suit for damages or equitable relief. Id. In cases of an action for declaratory judgment, the Court's examination of compelling circumstances should focus on whether there is a reason for requesting the relief other than obtaining a favorable forum. Id.
Although Eveready asserts that it was anxious to determine what its obligations under the requirements contract were, there is no evidence that Eveready needed an immediate resolution of the matter such that litigation was necessary. Eveready's business was not being affected by the dispute over the contract. Eveready had already discontinued its Zinc battery operations. Eveready's obligations under the contract were not going to change that fact.

III. Conclusion
The facts in this case support a finding of compelling circumstances sufficient to override the "first-filed" rule. First, Eveready did not notify Zinc, the logical or "true plaintiff", of its decision to litigate rather than settle the matter prior to filing its Complaint. In fact, Eveready was still actively representing to Zinc that a settlement offer was forthcoming at the time Eveready filed this suit. Zinc was penalized by continuing to focus on negotiating a settlement when Eveready had already determined that litigation was imminent.
Eveready's failure to give Zinc notice of its position regarding liability and settlement alone would be enough to find compelling circumstances. U.S. Fire Ins. Co., 920 F.2d at 489. The lack of any compelling reason for Eveready to precede Zinc to filing other than to obtain a more favorable forum however, is also persuasive.
Compelling circumstances exist such that the "first filing" rule will not be applied in this instance. Therefore, the lawsuit should be transferred to the United States District Court for the Eastern District of Tennessee.
Finally, traditional considerations relating to a transfer under 28 U.S.C. § 1404(a) support transfer of this action to the Eastern District of Tennessee. Proceeding in the Eastern District of Tennessee will not significantly inconvenience the parties to this action. Defendant asserts that most of its fact witnesses live in Tennessee. Further, as counsel for the plaintiff so ably points out in its opposition to the transfer, it is not a great burden on a corporate party to make its witnesses available in a forum other than the one in which it resides.
Accordingly,
IT IS HEREBY ORDERED that defendant's Motion to Dismiss or Transfer [# 8] is GRANTED in part and DENIED in part. *1063 The case is transferred to the United States District Court for the Eastern District of Tennessee. That part of the motion requesting dismissal of Eveready's claims is denied without prejudice pending transfer of the case to the Eastern District of Tennessee.
IT IS FURTHER ORDERED that the Clerk of Court shall transfer this action to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1404(a).