259 F.Supp.2d 934 (2003)
PACE CONSTRUCTION CO., INC., Plaintiff,
v.
TRAVELERS CASUALTY & SURETY COMPANY OF AMERICA, Defendant.
No. 4:02 CV 1278 DDN.
United States District Court, E.D. Missouri, Eastern Division.
March 7, 2003.
*935 W. Dudley McCarter, III, Behr And McCarter, St. Louis, MO, Christopher L. Kanzler, Dunn and Miller, PC, Town and Country, MO, for Plaintiff.
Richard F. Huck, III, Partner Company of America, Blumenfeld and Kaplan, St. Louis, MO, Douglas R. Kennedy, Kennedy and Kennedy, Poplar Bluff, MO, Richard W. Miller, Scott H. Murphy, Miller Law Firm, Kansas City, MO, for Defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court on the motion of defendant Travelers Casualty & Surety Company of America (Travelers) to dismiss or, in the alternative, to stay. The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Oral argument was heard on February 27, 2003.

I. BACKGROUND
This action arises out of a road construction project for the Missouri Highway and Transportation Commission (MHTC) on Route PP in Butler County, Missouri. MHTC, as owner, and Missouri corporation KAJACS Contractors, Inc. (KJACS), as general contractor, entered into a written agreement by which KAJACS was to perform certain work on the project. The agreement required KAJACS to post a surety bond, which it posted in the form of a payment bond issued by Travelers, a Connecticut citizen. Thereafter, KAJACS entered into a subcontract with Pace Construction Co., Inc. (Pace), a Missouri corporation, whereby Pace was to perform certain work on the project, including asphalt paving, in accord with specifications. Under another subcontract, Gerdan Slipforming, Inc. (Gerdan), was to install curbs and gutters on the project. MHTC was not satisfied with work performed on the project.
On August 16, 2002, KAJACS filed suit for breach of contract (Count I) against Pace, in the Circuit Court of Butler County, Missouri, alleging that Pace failed to prosecute its paving work on the project with due diligence, thus delaying completion of the project, and that Pace failed to provide asphalt that met thickness specifications. KAJACS further alleged that MHTC assessed liquidated damages against KAJACS and was withholding at least $151,800 for liquidated damages.
On August 21, 2002, Pace commenced the instant federal action on the payment bond against Travelers, alleging that it substantially completed its work on the project; that KAJACS failed to pay Pace *936 $405,636.52; and that Travelers is bound to pay the amount due. Additionally, Pace seeks damages and attorney's fees under Mo.Rev.Stat. § 375.420 for vexatious refusal to pay.
Thereafter, in the state court action Pace filed counterclaims against KAJACS, seeking recovery of the amount allegedly owed it, claiming breach of contract, quantum meruit, equitable estoppel, and entitlement to punitive damages.
On September 11, 2002, KAJACS moved to amend its state court petition by adding Travelers as a co-plaintiff, adding Gerdan as a defendant (Count II) and seeking a declaratory judgment that Pace cannot sustain a claim against the bond as a result of its breach (Count III). Count III seeks a declaration that, because Pace breached its contractual obligations to KAJACS, Pace cannot sustain a claim against the bond. The state court granted KAJACS's motion to amend.
In the instant motion to dismiss or, in the alternative, to stay (Doc. 26), Travelers raises several arguments. First, this action and the previously filed state action arise out of the same project, contract, transactions, and occurrences, and contain nearly identical factual and legal issues. Second, if Travelers has any liability to Pace, that liability is coextensive with that of KAJACS to Pace. Third, the "first-filed" rule precludes Pace from pursuing its claim in this court.
Pace responds that the two actions differ in that Gerdan is not a party in the federal action; that the disputes between KAJACS and Gerdan are separate from Pace's federal claim against Travelers and are likely to confuse the issues if Pace is not allowed to proceed with its federal action; and that the vexatious-refusal damages Pace seeks from Travelers are not recoverable by Pace from KAJACS and are based on distinct legal claims and factual issues. Next, Pace argues that Travelers's liability to Pace is not coextensive with that of KAJACS to Pace. Pace also argues that the first-filed rule does not preclude its federal claim, because Travelers was not a party to KAJACS's original suit against Pace and compelling circumstances exist for not applying the rule, citing Eveready Battery Co. v. Zinc Prods. Co., 21 F.Supp.2d 1060, 1062 (E.D.Mo.1998). Moreover, Pace maintains that under the factors set forth in Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and its progeny this court should not stay the action out of deference to parallel state court litigation.
In its reply, Travelers notes that the state court has before it all parties necessary to resolve the issues relating to the dispute between Pace, Travelers, KJACS, and Gerdan. This court, Travelers asserts, would not have diversity jurisdiction over the four parties. Travelers maintains that the primary issue in this court is whether KAJACS is liable to Pace, for if KAJACS has no liability to Pace, then Travelers has no liability to Pace either and will not be liable to Pace for vexatious refusal to pay.

II. DISCUSSION
Generally, the pendency of an action in a state court is no bar to proceedings concerning the same matter in a federal court having jurisdiction. See Colorado River, 424 U.S. at 817, 96 S.Ct. 1236. In Colorado River and Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), the Supreme Court articulated a six-factor "exceptional circumstances" test for determining whether federal courts should defer to parallel state litigation:
(1) whether there is a res over which one court has established jurisdiction, (2) the inconvenience of the federal forum, *937 (3) whether maintaining separate actions may result in piecemeal litigation, unless the relevant law would require piecemeal litigation and the federal court issue is easily severed, (4) which case has prioritynot necessarily which case was filed first but a greater emphasis on the relative progress made in the cases, (5) whether state or federal law controls, especially favoring the exercise of jurisdiction where federal law controls, and (6) the adequacy of the state forum to protect the federal plaintiffs rights.
United States Fidelity & Guar. Co. v. Murphy Oil USA Inc., 21 F.3d 259, 263 (8th Cir.1994). The balancing test is to be applied in a pragmatic, flexible manner with a view to the realities of the case at hand. See Darsie v. Avia Group Int'l, Inc., 36 F.3d 743, 745 (8th Cir.1994) (per curiam).
"Before the court can analyze whether there exist exceptional circumstances warranting abstention, the court must determine if the concurrent proceedings are parallel." Cent. States Indus. Supply, Inc. v. McCullough, 218 F.Supp.2d 1073, 1091-92 (N.D.Iowa); accord In re Burns & Wilcox, Ltd., 54 F.3d 475, 477 (8th Cir. 1995) ("A parallel state court proceeding is a necessary prerequisite to use of the Colorado River factors.").[1] "There is little guidance in the Eighth Circuit as to what constitutes `parallel' litigation." Pragmatic Software Corp. v. Antrim Design Sys., Inc., Civ. No. 02-2595, 2003 WL 244804, at *2 (D.Minn. Jan. 28, 2003). This court concludes that the concurrent proceedings are parallel because, despite Pace's arguments to the contrary, the parties' interests in each case are clearly aligned and the issues, though not identical, are substantially similar. See Interstate Material Corp. v. City of Chicago, 847 F.2d 1285, 1288 (7th Cir.1988) ("A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum."); Marshak v. Reed, No. 96 CV 2292, 2000 WL 33152076, at *3 (E.D.N.Y. 2000) ("[p]arties whose interests are clearly aligned may be treated as if they were the same parties"). The court now applies the six-factor test.
Factor 1 has no relevance as is this is an in personam action that does not involve a res.
Factor 2 weighs slightly in favor of staying this action. Pace asserts that its main office in St. Louis and that at least two potential witnesses are located in Cape Girardeau, Missouri, which Pace maintains is closer to St. Louis than to the state court; however, Travelers asserts that KAJACS and Pace have offices in Poplar Bluff, Missouri, and that potential witnesses are located in closer proximity to the state court than to this court. Although the court is concerned with the time and distance witnesses would have to travel, in considering the inconvenience of the federal forum, the court is also concerned with inconveniencing witnesses by having them travel to two fora.
Factor 3, regarding piecemeal litigation, weighs in favor of granting a stay. Maintaining separate actions may result in piecemeal litigation because the parties necessary to resolve all of the factual and legal issues are present in the state action, and federal diversity jurisdiction would not exist if those parties, as aligned, were in federal court. Relevant law, i.e., Missouri law, does not require piecemeal litigation. To the contrary, in Missouri, "a surety's liability for contract damages is co-extensive with the liability of the principal." Miller-Stauch Const, Co. v. Williams-Bungart *938 Elec, Inc., 959 S.W.2d 490, 495 (Mo.Ct.App.1998). Hence, KAJACS must be liable to Pace before Travelers can be liable to Pace. The "easily severed" exception to Factor 3 is thus inapplicable. In addition, under Missouri law, a surety may require the obligee to sue the principal. See Mo.Rev.Stat. § 433.010. Further still, this court is concerned about res judicata on the state court should it determine that Travelers is or is not liable to Pace.
Proceeding to Factor 4, the court finds that the state case has progressed slightly further than the federal case. Although written discovery has been propounded in each case, depositions have commenced in only one casethe state case. That a federal court trial date has been set for October 14, 2003, does not reflect the progress of the case insomuch as it reflects differing case management practices in federal and state courts. Compare Fed. R.Civ.P. 16(b) ("The [scheduling order shall issue ... within 90 days after the appearance of a defendant and within 120 days after the complaint has been served on a defendant,"), with Mo. R. Civ. P. 63 (setting no time line for trial settings). Moreover, the court gives little or no weight to Pace's position that the state case's progress has been diminished simply because that case is now before its third judge.
"The first-filed rule gives priority, when parallel litigation has been instituted in separate courts, to the party who first establishes jurisdiction in order to conserve judicial resources and avoid conflicting rulings." Keymer v. Mgmt. Recruiters Int'l, Inc., 169 F.3d 501, 503 n. 2 (8th Cir.1999) Pace's invocation of Eveready Battery for disregarding the first-filed rule is not persuasive. Eveready Battery held that a court may disregard the first-filed rule when compelling circumstances exist. See 21 F.Supp.2d at 1062 ("In cases of an action for declaratory judgment, the Court's examination of compelling circumstances should focus on whether there is a reason for requesting the relief other than obtaining a favorable forum."). The mere fact that the other action includes a claim for declaratory judgment is not a compelling circumstance. In any event, in this case the application of the first-filed rule is not necessary for the court to conclude that the action in Butler County has progressed slightly further than this federal action.
Factor 5 weighs heavily in favor of a stay, because it is undisputed that state law controls this contractual dispute.
Finally, as to Factor 6, nothing in the record suggests that Pace will not receive a fair hearing in state court. "[T]here is no presumption that a state court is biased or otherwise inadequate to protect the federal plaintiffs rights." United States Fid. & Guar. Co. v. Murphy Oil USA Inc., 21 F.3d 259, 263 (8th Cir.1994).
Thus, having balanced the relevant factors, the realities of the case at hand, the conservation of judicial resources, and the interests of comity, the court concludes a stay is warranted pending the disposition of the state action, KAJACS Contractors, Inc. v. Pace Construction Co., Case No. CV102-124.
Accordingly,
IT IS HEREBY ORDERED that the motion of defendant Travelers Casualty & Surety Company of America to dismiss or, in the alternative, to stay (Doc. 26) is sustained in that this federal action is stayed pending the disposition of KAJACS Contractors, Inc. v. Pace Construction Co., Case No. CV102-124, in the Missouri Circuit Court. Counsel in the instant action shall advise this court when the state circuit court action is concluded.
NOTES
[1] In Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 711, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996), the Supreme Court limited the holding of In re Burns on other grounds.